MARGARET M. LIDDLE *vs.* OLD LOWELL NATIONAL BANK.

Middlesex.   November 18, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Admissions showing Inconsistency.*

In an action for personal injuries the plaintiff's physician was asked, upon cross-examination, if he did not say to a patient that he did not believe the plaintiff could get anything out of the defendant, because he could not make him stay in bed. He replied that he could not remember. The defendant called the patient, who testified that the physician said to him, in answer to a question, that if the plaintiff had been hurt badly enough to be confined to his bed, he might recover. *Held,* that the evidence was admissible to show statements by the physician more or less inconsistent with his testimony, in that they treated the plaintiff's injury as less serious than he represented it on the stand.

TORT for personal injuries occasioned to the plaintiff on or about November 6, 1890. At the trial in the Superior Court, before *Braley,* J., it appeared in evidence that one Elisa Forbes had brought an action for damages against the defendant for injuries alleged to have been received by her through the defendant's negligence at the same time when, and by the same causes by which, the plaintiff claimed to have been injured.

The plaintiff called as a witness one Bartlett, a physician, who testified that he attended the plaintiff at various times subsequent to the injuries complained of, and testified as to the nature and extent of the injuries; among other things, he stated that the plaintiff came to his office early in the afternoon on the day of the accident; that he found on examining her nothing but internal injuries; that he saw her the next day at her residence, when he found her right shoulder injured, her hip beginning to show signs of discoloration, her hip and shoulder swollen, severe pains through her hips, shoulder, lungs, and chest; that in his opinion there was tuberculosis, extensive bronchitis in both lungs, and dulness in both lungs; that her system was reduced, and that there was no other cause for these conditions than the accident.

" *Q.* Do you know Mattie Stackpole?   *A.* Yes.

" *Q.* Patient of yours?   *A.* She has been; yes.

" *Q.* Ever talked with her about this woman, Mrs. Liddle ? *A.* Never; not as I remember. I never remember of mentioning it.

" *Q.* Did you not say to her that you did not believe Mrs. Liddle could get anything out of the bank, because you could not make her stay in bed ? (Objected to, but admitted.) *A.* I could not remember.

" *Q.* Will you say that you did not? *A.* I won't say that I did not ; I do not remember."

The defendant called as a witness one Mattie Stackpole, referred to above, and her examination proceeded as follows :

" *Q.* Have you been to Dr. Bartlett's office ? *A.* Yes, sir.

" *Q.* At any time when you were there, did he say anything to you about Mrs. Liddle? (Objected to, but admitted.) *A.* I went to him for a prescription, and in conversation I brought it up myself, and asked him if he thought either one of the ladies would get anything that was hurt, and, in answering, he just merely said — well, I don't know as he said anything about Mrs. Forbes — but he said if Mrs. Liddle had been hurt bad enough to have been confined to her bed, she might have. That was all that was said."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Manning*, for the plaintiff.

*G. F. Richardson*, for the defendant.

HOLMES, J. The question put to the doctor on cross-examination, and the evidence of the witness Stackpole, were intended to show admissions or statements by the former more or less inconsistent with his testimony, in that they treated the plaintiff's injury as less serious than he represented it on the stand. For this purpose, the questions were admissible. So far as the answers possibly could have prejudiced the plaintiff, if at all, it was by showing such an inconsistency. An inconsistency need not be expressed in contradictory propositions ; it is enough if the implications of what has been said tend in a different direction from what is sworn to.

*Exceptions overruled.*