CHARLES B. REDHEAD and FRANK W. SUYDAM, Appellants, v.
THE PARKWAY DRIVING CLUB, Respondent.

1. INCORPORATED CLUB — MEMBER OF PURCHASING COMMITTEE —
RESERVATION OF PERSONAL BENEFIT.   A member of an incorporated
social club, who acts in its behalf as a member of a purchasing commit-
tee, assumes relations of a confidential and fiduciary character, and can-
not, in purchasing property for the club, reserve a benefit to himself or to
a firm of which he is a member.

2. PARTNERSHIP — REAL ESTATE BROKERS — MEMBER OF PURCHASING
COMMITTEE OF A CLUB — FIRM PRECLUDED FROM CLAIMING COMMIS-
SIONS.   It is competent for a partner in a real estate brokerage firm, who
has assumed fiduciary relations to an incorporated social club by becom-
ing a member of its purchasing committee, to arrange with the club that
in paying for land purchased the club shall be allowed or paid a portion
of the purchase price equal to the regular commissions upon a sale, and,
by so doing, to preclude his firm, as well as himself, from claiming from
the vendor, as against the club, such portion of the purchase money as
commissions for services as brokers upon the sale.

Reported below, 7 Misc. Rep. 275.

(Argued January 31, 1896; decided February 18, 1896.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, entered upon an order made February 28,
1894, which affirmed a judgment in favor of defendant
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hugo Hirsh* for appellants. The sale of real estate by either or both the plaintiffs must, together with the commissions earned thereby, inure to the benefit of both plaintiffs. (Colyer on Part. 99; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Mabbett* v. *White*, 12 N. Y. 455; *Holmes* v. *Gilman*, 19 N. Y. Supp. 153; *Staats* v. *Bristow*, 73 N. Y. 264; *Dob* v. *Halsey*, 16 Johns. 34; *Ridgley* v. *Carey*, 4 H. & M. 167; *Geery* v. *Cockcroft*, 1 J. & S. 146; *Ross* v. *Whitefield*, 4 J. & S. 50; *Evernghim* v. *Ensworth*, 7 Wend. 326; *Beudel* v. *Hettrick*, 3 J. & S. 405.) There was no consideration moving between defendant and plaintiffs' firm or between defendant and plaintiff Suydam for the services so rendered or to be rendered. And even if Suydam actually or tacitly assented to "no commissions," that promise or agreement was void for want of consideration. (*Belknap* v. *Bender*, 75 N. Y. 446; *T. T. S. B. Church* v. *Cornell*, 117 N. Y. 601; *P. Church* v. *Cooper*, 112 N. Y. 517; *Scott* v. *Kent*, 22 J. & S. 257.)

*Edward M. Grout* for respondent. Suydam held a fiduciary capacity to the defendant, and cannot be permitted to act therein in any manner for his own profit. (*Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 198.) The plaintiffs could recover only by showing that they were agents for Burrill. (*Jarvis* v. *Schaefer*, 105 N. Y. 289.)

O'BRIEN, J. The plaintiffs brought this action against James Burrill to recover the sum of $2,000, claimed to be due to them, as partners, from him, for services as real estate brokers, upon the sale of certain real estate. The defendant Burrill, admitting his liability to some one for the commissions claimed, applied to the court upon proofs that the moneys were claimed from him by the defendant, the Parkway Driving Club, a social organization duly incorporated, and was permitted by an order entered to pay into court the amount

and interest. The order also provided that upon such payment he should be discharged from all liability to any one, and that the club should be substituted as a defendant in his place, whereupon the Parkway Driving Club became a party defendant in the action in place of Burrill, and answered the complaint, setting forth its claims to the fund, based upon the following facts : It alleged that the plaintiff Suydam was a member of the club and was appointed as a member of a committee to purchase real estate for the purposes of its organization ; that he accepted the appointment and, acting in that capacity, purchased the real estate of Burrill and caused it to be conveyed to the club ; that, as part of the contract, Suydam procured Burrill to abate from the purchase price the sum of $2,000 to be allowed or paid to the club ; that the contract for the purchase of the land, which was for convenience made to run to a third party, was subsequently turned over and transferred to the defendant, with all rights under it.

Although Suydam and his partner, the other plaintiff in this case, were real estate brokers, it was competent for one or both of them to assume such relations to the club as would entitle the latter to the benefit of any services rendered, and this is what the defendant's answer indicates. The question presented by the answer was one of fact substantially. The inquiry was whether Suydam acted for himself and his firm as a broker, earning his compensation in the regular way, or as a member of the club, appointed to act for it in the purchase of the property and charged with the duty of protecting its interests.

The learned trial court has resolved these questions in favor of the defendant. It has been found that the defendant was duly incorporated on March 23, 1892 ; that a committee of five persons, of which the plaintiff Suydam was one, was appointed to act for the corporation in the purchase of the land, with the distinct understanding that none of them should receive any commissions or other compensation for services, but that the club should have the benefit of any bargain

made; that all the members of this committee, including Suydam, accepted the trust and assented to these conditions, and that all services rendered by the plaintiff were under and in pursuance of this appointment. The evidence in the case fairly sustains all the findings and the exceptions present no serious question of law for review.

A member of a corporation who acts in its behalf, either as a director or member of a purchasing committee, though he may not be a trustee in the strict sense, assumes towards the corporation relations of a confidential and fiduciary character. By his appointment as a member of the committee and his acceptance of the duties implied the plaintiff became intrusted with powers and charged with duties to be exercised and performed for the common and general interests of the corporation, and not for his own private interests or that of the firm of which he was a member. In purchasing the land the plaintiff could not reserve a benefit to himself or his firm without an abuse of the trust and confidence reposed in him by the club. The law will enforce fidelity on the part of a person who acts for others by imposing upon him a disability, either partial or complete, to deal in his own behalf or for his own private interests in respect to a matter involving such trust or confidence. (*Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 198.)

It is urged in support of the appeal that the services of Suydam belonged to the firm, and that he could not, by any arrangement with the defendant, deprive the partnership, of which he was a member, of the broker's commissions arising from a sale of the property. If it were a question simply between him individually and the firm that proposition might be correct. It might even be conceded that upon an accounting between the plaintiffs as partners he would be chargeable with the commissions, and still it would not follow that the fund in question belonged to the firm as against the claim of the defendant. The partnership relations of Suydam cannot change his confidential and fiduciary obligations to the defendant. He was competent to become a member of the corpora-

tion and of assuming duties and obligations towards it which involved relations of trust and confidence. He could and did place himself in relations with the defendant which precluded him from reaping any private benefit from the transaction, either individually or as a partner. Moreover, upon the findings he assumed these duties upon the express understanding that his services should inure to the benefit of the corporation for which he acted. If the arrangement which he was competent to make, and did make, with the defendant was in any sense unjust to his partner, that may be a matter for adjustment between themselves, but it cannot affect the defendant's rights under the contract for the purchase of the land made in its behalf by him. A part of that arrangement was that in paying for the land the defendant should be allowed or paid a portion of the purchase price equal to the regular commissions upon a sale. The vendor has this fund in his hands, and we think that upon principles of equity and fair dealing, always applicable to transactions of this character, it belongs to the defendant.

This disposes of the main question in the case. There are numerous exceptions in the record to rulings at the trial, and to findings and refusals to find certain propositions at the request of the plaintiff.

It is quite sufficient to say, without referring specifically to the questions thus raised, that, in our opinion, none of these exceptions furnish any reasonable ground for interfering with the result of the trial.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.