MALDEN AND MELROSE GAS LIGHT COMPANY *vs.* FRANK E. CHANDLER.

SAME *vs.* SAME.

Middlesex.   March 21, 1911. — June 21, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice*, Exceptions.

Upon exceptions to the rulings of a judge who heard a suit in equity only questions of law are open, and the refusal of the judge to make findings of fact requested and his general finding of a fact upon conflicting evidence cannot be reviewed.

In a suit in equity by a corporation against its former president, involving the issue whether in a certain transaction the defendant was acting fraudulently or honestly toward the plaintiff, a request of the defendant for a ruling, that the burden of proof is on the plaintiff to satisfy the judge by a fair preponderance of the evidence of the existence of a particular fact which the plaintiff has averred in its bill and has relied upon to show fraud, properly may be refused by the judge if the request omits all reference to the fundamental allegation of the defendant's liability for defrauding the plaintiff, which the judge is satisfied is established whether the details of the fact stated in the request are proved or not.

TWO BILLS IN EQUITY, filed in the Superior Court on December 3, 1906, and January 21, 1907, by a corporation against its former president, for an accounting as to money alleged to belong to the plaintiff and to have been received by the defendant as the plaintiff's agent and to have been retained by him for his

own use and benefit, the defendant having procured the money from the plaintiff for the purchase of certain land for the plaintiff.

In the Superior Court the cases were tried together before *Dana*, J. The subject of controversy and the character of evidence are described in the opinion.

In the first suit the defendant asked the judge to make the following findings of fact:

" 1. On all the evidence the agreed price at which the land was sold to the plaintiff was $2,000 an acre.

" 2. On all the evidence the defendant paid to J. E. Wellington the sum of $58,000 and odd together with interest."

In the second suit the defendant asked the judge to make the following finding of fact:

" 1. On all the evidence the defendant paid Hill for the Hill land so called the sum of $3,000 and paid to J. E. Wellington the sum of $3,000 substantially in accordance with the intendment of his understanding with said J. E. Wellington."

In the first suit the defendant asked the judge to make the following rulings:

" 1. The burden of proof is upon the plaintiff to satisfy the court by a fair preponderance of the testimony: (1) That the price at which the land was finally sold by Wellington to the plaintiff was $1,000 per acre; (2) that the defendant took $29,000 and odd from the plaintiff under the claim fraudulently made by him that the agreed price was $2,000 per acre and fraudulently converted said sum to his own use.

" 2. If the court shall find that the price for the land purchased was honestly made by the defendant and Wellington at $2,000 per acre, then it makes no difference under this bill whether Wellington actually received $58,000 and odd or not."

In the second suit the defendant asked the judge to make the following rulings:

" 1. The burden of proof is upon the plaintiff to satisfy the court by a fair preponderance of the testimony that the defendant claiming fraudulently to the plaintiff in substance that the price of the Hill land was $6,000 paid $3,000 to the Hills and fraudulently converted $3,000 to his own use.

" 2. If the court shall find that the defendant agreed with J. E. Wellington that he should have the difference between the amount for which said Wellington said the Hill land could be bought, namely, $500 per acre or $1,000 in all, and an amount of $4,000 that equalled two acres at $2,000 per acre, and the defendant believed J. E. Wellington assisted in bringing about a sale of the Hill land and therefore paid J. E. Wellington said sum of $3,000, then this bill must be dismissed."

The judge refused to make any of the above findings of fact in either case.

As to the requests for rulings, the judge said :

" I construe request No. 1, in each case, as meaning that, if the facts therein set forth are not found legally proved by the court, there can be no recovery.   On such an assumption, although I found a conversion, I deny said request in each case."

As to the other requests for rulings the judge refused each of them as inapplicable to the facts as found by him.

The court found for the plaintiff in both cases, with costs; and the defendant alleged exceptions.

*T. W. Proctor,* (*S. R. Wrightington* with him,) for the defendant.

*W. O. Underwood,* for the plaintiff.

BRALEY, J.   The plaintiff desired to enlarge its works, and the board of directors voted that the defendant, who was the president of the company, be appointed with the vice-president as a committee " with authority . . . to purchase . . . such additional land for the enlargement of the company's business as in their judgment may be advisable."   The defendant, acting under the vote, appears to have conducted the negotiations which resulted in the purchase and a transfer of title to the plaintiff of the parcels of land described in the bills of complaint. It is settled, that, in the exercise of the authority conferred upon him, the defendant could not enrich himself at the expense of his principal by charging and receiving a larger price than that for which he actually bought the property.   Having been appointed to act in the plaintiff's interest, he was bound to buy on the best possible terms, and he could not directly or indirectly make a profit for himself.   If as alleged, he bought for much

less than the price he represented to the plaintiff, he would be accountable for the money which the company paid him in ignorance of the deception. *Greenfield Savings Bank* v. *Simons*, 133 Mass. 415. *Quinn* v. *Burton*, 195 Mass. 277, 279. *Kilbourn* v. *Sunderland*, 130 U. S. 505.

The evidence at the trial as to the terms of sale was contradictory. If the defendant's testimony was accepted, the payments received by him did not exceed the price for which each estate had been purchased, while the evidence of the plaintiff tended to support its contention, that it had been deliberately defrauded. The credibility of the witnesses was for the presiding judge to determine, and it must be assumed that the evidence, which is fully recited, justified the finding that the money had been converted. But the cases being before us on exceptions, the refusal of the judge to make certain findings of fact requested by the defendant and the general finding of conversion cannot be reviewed, as only questions of law are open. *Kennedy* v. *Welch*, 196 Mass. 592. The findings upon which the judge decided that there had been a conversion and the facts upon which he refused the defendant's second request were not stated. It only appears that certain facts were found which rendered these requests inapplicable. The findings manifestly must have been adverse, and, if the defendant desired further information as to what they were, he should have applied for and obtained them. If he deemed the conclusions to have been wholly unwarranted, he fails to show that he has been aggrieved, for we do not understand him to contend, nor did he ask for a ruling, that upon all the evidence, independently of the pleadings, the judge could not find that the defendant acted dishonestly and accordingly have ordered a decree for the plaintiff. *National Mahaiwe Bank* v. *Barry*, 125 Mass. 20.

But, as to the first requests, the judge, on the assumption that unless he found the facts to be as therein set forth the plaintiff could not recover, refused to give them. The defendant in support of his exceptions relies on the familiar rule of equity pleading that the bill should contain a clear and accurate statement of the facts upon which the plaintiff rests its case for relief, and that it can introduce evidence only which tends to support the averments. It is then pressed that the facts re-

cited in the requests are the essential allegations which the plaintiff was required to prove, and that unless the judge found that they had been proved a decree for the plaintiff could not be supported. It undoubtedly would have been enough to have alleged generally that the defendant as the agent of the plaintiff bought for a certain price the lands in question, and, having obtained unlawfully from the plaintiff a larger amount, he was chargeable with the overpayment, and it would be unnecessary to state minutely all the circumstances, which properly are matters of evidence. *Rogers* v. *Ward*, 8 Allen, 387. *Lovell* v. *Farrington*, 50 Maine, 239. *Grove* v. *Rentch*, 26 Md. 367, 377. R. L. c. 159, § 12. And, if the action had been at law, a count for money had and received would have been sufficient. *Cole* v. *Bates*, 186 Mass. 584, 586. *Foote* v. *Cotting*, 195 Mass. 55, 63. The stating part of the bills set forth with much particularity the details of the transaction, but, even if there may have been unnecessary amplification, the material facts on which the plaintiff relied for relief are stated with certainty, and if proved they were sufficient to support the decree. The allegation recurs throughout the stating part, that the defendant bought for a specific price. It is then charged, as the foundation of the right of recovery, that, when the plan to defraud had been perfected, the wrong was finally consummated by obtaining from the plaintiff by false representations amounts very largely in excess of the amount the defendant actually had contracted to pay. The essential averment following the details of the scheme was that the money had been obtained wrongfully, and the finding of a conversion must have rested on this ground. If the plaintiff was confined to this averment, and, where there is a variance, recovery can be had only on the case stated in the bill and not upon the case made out by the evidence, the judge was not restricted to the actual price paid to the vendors. *Gurney* v. *Ford*, 2 Allen, 576. *Drew* v. *Beard*, 107 Mass. 64, 73. *Harding* v. *Handy*, 11 Wheat. 103. *Crocket* v. *Lee*, 7 Wheat. 522, 525. It might have fallen below or exceeded the amount stated and in either instance there would not have been a variance if he found that the plaintiff had been defrauded and then determined the amount that the defendant wrongfully received.

The ruling refusing the requests should not be interpreted as meaning that if the evidence justified recovery the plaintiff could prevail even if the proof did not correspond with the averments. It was refused, and properly refused, because it omitted all reference to the fundamental allegation of liability which the judge was satisfied had been established.

We find no error in the admission and exclusion of evidence. *Jennings* v. *Rooney*, 183 Mass. 577, 580. *Liddle* v. *Old Lowell National Bank*, 158 Mass. 15. *Graham* v. *Middleby*, 185 Mass. 349, 353. *Webb Granite & Construction Co.* v. *Boston & Maine Railroad*, 206 Mass. 572, 578.

*Exceptions overruled.*