## Douglass-Whisler Brick Company *v.* Simpson, Appellant.

*Corporations—Officers—Secret profits.*

1. An officer of a corporation occupies such a fiduciary relation to it that he cannot retain secret profits received in the management of its affairs.

2. Where the president and secretary of a brick corporation are authorized to sell its plant in order that it may locate elsewhere, and the president, in the name of another person, procures an option on the clay and coal in place on a tract of land for $4,000, and sells it to the corporation for $9,400, and during the transaction does not disclose the fact of his ownership to any of the directors or stockholders, but by his conduct leads them to believe that he is acting for the corporation and purchasing the property from a stranger, he will be compelled to account to the corporation for the profits secretly made.

Argued Oct. 11, 1911. Appeal, No. 29, Oct. T., 1911, by defendant, from decree of C. P. Beaver Co., June T., 1908, No. 3, in case of The Douglass-Whisler Brick Company v. William C. Simpson. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an accounting. Before HOLT, P. J.

The opinion of the Supreme Court states the case. The court decreed, inter alia:

That the defendant, William C. Simpson, be and is hereby required to forthwith pay to the plaintiff the sum of $5,400 with interest thereon from April 21, 1902, at the rate of six per centum per annum.

*Errors assigned* among others were to various findings of fact and the decree of the court.

*J. F. Reed*, with him *W. B. Cuthbertson*, for appellant.

*Forest G. Moorhead*, with him *Edwin S. Weyand*, for appellee.

PER CURIAM, January 2, 1912:

The bill in this case was for an account for profits secretly made by the defendant while an officer of the corporation, plaintiff, in the sale of property to it. The substance of the findings of fact by the court is that the defendant was president, treasurer and a director of a corporation which desired to procure a new location for its business, and he and the secretary were authorized to sell its plant in order that it might locate elsewhere; that the defendant procured, in the name of another person, an option on the clay and coal in place on a tract of land for $4,000, and without disclosing his interest, sold it to the corporation for $9,400, and appropriated the difference to his own use; that during the transaction he did not disclose the fact of his ownership to any of the directors or stockholders, but by his conduct led them to believe that he was acting for the corporation and purchasing the property from a stranger.

We find no reason to doubt the correctness of the findings of fact and from them the conclusions of law requiring the defendant to account and pay over the profits followed. An officer of a corporation occupies such a fiduciary relation to it that he cannot retain secret profits received in the management of its affairs: Bird Coal & Iron Co. v. Humes, 157 Pa. 278; Commonwealth Title Ins. & Trust Co. v. Seltzer, 227 Pa. 410.

The decree is affirmed at the cost of the appellant.