UNITED ZINC COMPANIES *vs.* SIDNEY HARWOOD & others.

Suffolk. January 24, 1913. — January 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Equity Jurisdiction*, Accounting to corporation for secret profits. *Corporation*, Liability of directors for secret profits. *Assignment.*

The right of a corporation to maintain a suit in equity against certain of its directors and other persons for an accounting for secret profits, alleged to have been obtained by them from selling certain property to the corporation by means of a concerted scheme of fraud at a price greatly in excess of its intrinsic or market value, is not assignable at law or in equity, and does not pass under a general conveyance and transfer of all the property of the corporation made by it to a new corporation created for the purpose of receiving such property but not merged with the first corporation by legislative authority.

BILL IN EQUITY, filed in the Supreme Judicial Court on July 30, 1912, by the United Zinc Companies, a corporation organized under the laws of the State of Maine, as the grantee and transferee of all the real estate and all the personal property of every name or nature that formerly belonged to the United Zinc Companies, a corporation organized under the laws of the State of New Jersey,

against various persons and corporations who are described generally in the opinion, setting forth the facts there stated in substance, and seeking the rescission, so far as still was possible, of the sale of certain property to the New Jersey corporation above named, and, in the alternative, an accounting for alleged secret profits. Nine of the defendants demurred to the bill. The case came on to be heard upon these demurrers before *Sheldon,* J., and thereupon, the parties consenting, the justice reserved the case upon the bill and demurrers for determination by the full court, with the stipulation that, should the demurrers of any of the defendants be sustained on any ground which could not be cured by amendment, the bill was to be dismissed as to them, and that, if the demurrers of any of the defendants were sustained upon any ground which could be cured by amendment, the case was to stand as to them for further proceedings.

The case was argued at the bar in January, 1913, before *Rugg,* C. J., *Morton, Loring, Braley, & Sheldon,* JJ., and afterwards was submitted on briefs to all the justices then constituting the court except *Crosby,* J.

*R. Cushman,* for the defendant Harwood.

*J. M. Merriam,* for the defendant Whittemore.

*A. A. Wyman,* for the defendant Parker.

*B. E. Eames,* for the defendants Albion B. and Frederick A. Turner.

*J. C. Bassett,* for the defendants Riley and others.

*R. B. Young,* (*W. H. Foster & C. S. Hill* with him,) for the plaintiff.

BRALEY, J. The substantive averments of the bill admitted by the demurrers are, that by a concerted scheme to defraud in which at some stage all the defendants participated, they succeeded in selling to the United Zinc Companies, a corporation chartered by the State of New Jersey, hereinafter designated as the company, certain mineral lands with the leases and mills therewith connected at a price very largely in excess of their intrinsic or market value. It is further averred that from the inception to the consummation of the scheme some of the defendants were also directors, and acting in conjunction with one Franklin Playter, a co-director, who materially contributed to the success of the plan, but who not being within the jurisdiction has not been joined in the suit, they caused

the necessary votes to be passed to purchase the properties, and to issue to themselves and their confederates both preferred and common stock of the company in payment, and that through their control of the capital stock the members of the combination not only elected and continued in office a directorate favorable to themselves, but prevented any disclosure to the stockholders of the alleged wholesale misappropriation of the assets of the company. See *Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 219, 220, 221.

The directors of a private business corporation, while not responsible for errors of judgment in the administration of its business affairs, even if in carrying out the votes of stockholders their opinion may be that a loss will result, are fiduciaries charged with the duty of caring for the property of the corporation and of managing its affairs honestly and in good faith. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Bosworth* v. *Allen*, 168 N. Y. 157. If this duty is violated, resulting in impairment of assets or injury to its property or unlawful profit to themselves, the directors can be compelled in equity to make full restitution. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97. *Wineburg* v. *United States Steam & Street Railway Advertising Co.* 173 Mass. 61. *Von Arnim* v. *American Tube Works*, 188 Mass. 515. *Malden & Melrose Gas Light Co.* v. *Chandler*, 209 Mass. 354, 356. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159. If strangers confederate and combine with them they all may be sued jointly, and each is accountable for the funds or property unlawfully diverted. *Brewer* v. *Boston Theatre*, 104 Mass. 378. *Emery* v. *Parrott*, 107 Mass. 95, 100. *Hayward* v. *Leeson*, 176 Mass. 310, 322, 324. *Lovejoy* v. *Bailey*, 214 Mass. 134, 150, 151, 155. *Gilbert* v. *Finch*, 173 N. Y. 455. *United States* v. *State Bank*, 96 U. S. 30, 35.

The present bill, however, is not brought by the company. It deeded, without having discovered the fraud, all of its real property, including the lands in question, to the plaintiff, a corporation organized under the laws of the State of Maine, and also "passed over" all its "personal property of every name or nature." The defendants organized and controlled the plaintiff corporation, and by vote of each corporation the transfer was effected upon the basis of an exchange share for share of the stock of the company for the

stock of the plaintiff. The bill states that this transaction was merely a contrivance to conceal more effectually what had been previously done and to consummate their fraudulent dealings with the company, with whose rights to enforce restitution the plaintiff claims it has been vested. It appears, that as soon as the plaintiff elected a disinterested board of directors the wrongdoing of the defendants was revealed and relief by the present suit has been promptly sought.

The defendants contend, that no case is stated for equitable relief, and that any cause of action intended to be set up is not assignable.

The first question is, what were the rights and remedies of the company at the date of transfer. Upon discovery of the fraud it did not need to disaffirm, but could have sued the defendants for their secret profits without making tender of a reconveyance of the lands and property conveyed. *Hayward* v. *Leeson,* 176 Mass. 310, 322, and cases cited. *Malden & Melrose Gas Light Co.* v. *Chandler,* 209 Mass. 354. *Ginn* v. *Almy,* 212 Mass. 486, 493. And if either of the parties defendant had deceased the cause of action would have survived against his executor or administrator. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 105. *Von Arnim* v. *American Tube Works,* 188 Mass. 515. The company also ordinarily could have rescinded. *Ginn* v. *Almy,* 212 Mass. 486. It was required upon rescission to inform the defendants of its election, and this could have been done in a suit for affirmative relief. *Thomas* v. *Beals,* 154 Mass. 51. *Parker* v. *Simpson,* 180 Mass. 334, 343. *Stewart* v. *Joyce,* 201 Mass. 301. *Gould* v. *Cayuga County National Bank,* 86 N. Y. 75. The allegations of the bill, however, show, that for some years before the sale to the plaintiff the lands had been mined by the company, and their value correspondingly had diminished. By the exercise of these acts of ownership, even if done in ignorance of the facts, the parties could not be replaced in their former position, and, full restitution being impossible, the right of rescission at law, upon tender of a reconveyance, was gone. *Drohan* v. *Lake Shore & Michigan Southern Railway,* 162 Mass. 435, 437, and cases cited. But the company could have maintained a bill for leave to rescind in so far as possible, and the court, if relief was granted, could impose such equitable conditions as would amply protect the rights of the defendants, or it could

ask in the alternative for an accounting of the profits, based upon the value of the property and the value of the stock at the time of sale, as well as for dividends thereon which the defendants are alleged subsequently to have received unlawfully.  *Thomas* v. *Beals,* 154 Mass. 51, 55.  *Parker* v. *Simpson,* 180 Mass. 334, 343. *Long* v. *Athol,* 196 Mass. 497.  *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97.  *Hayward* v. *Leeson,* 176 Mass. 310.  *Hayes* v. *Hall,* 188 Mass. 510, 512.  *Braman* v. *Foss,* 204 Mass. 404.  *Malden & Melrose Gas Light Co.* v. *Chandler,* 209 Mass. 354.

The remaining question around which the principal controversy centres, is whether the plaintiff has succeeded to the company's rights.  A new corporation had been created, and the agreement of the directorates and the votes of the stockholders did not effect a consolidation.  No enabling statutes were ever passed authorizing a merger or amalgamation.  If such legislation had been procured in their respective domicils the plaintiff would have been invested by the act of incorporation with all the rights, property and franchises of the company.  *John Hancock Mutual Life Ins. Co.* v. *Worcester, Nashua & Rochester Railroad,* 149 Mass. 214, 220.  *Day* v. *Worcester, Nashua & Rochester Railroad,* 151 Mass. 302.  *Craig Silver Co.* v. *Smith,* 163 Mass. 262.  *Parkinson* v. *West End Street Railway,* 173 Mass. 446.  The company as a corporation has not been extinguished.  It continues to exist, although shorn of all assets except its corporate franchise.  *Whiting* v. *Malden & Melrose Railroad,* 202 Mass. 298.  *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association,* 211 Mass. 398, 403.  Nor has the plaintiff been subrogated to the rights of the company.  To protect its own interests, or to save the property conveyed, it has not paid any debt, or discharged any incumbrances which should have been paid or discharged by the company.  *Cambridge* v. *Hanscom,* 186 Mass. 54.  *Foote* v. *Cotting,* 195 Mass. 55.  Whatever rights it acquired must be ascertained from the terms of the contract between the corporations.  The wording of the fifty-second paragraph, "that all the personal property of every name or nature was passed over," leaves no uncertainty, that pursuant to the vote of the stockholders as stated in the forty-ninth paragraph, the board of directors in some appropriate way transferred "the assets, good-will, patents, choses in action, personal property, and business" of the company to the plaintiff.  It was not necessary

where a writing is not expressly required by statute, that a formal instrument should have been executed and delivered. See R. L. c. 173, § 4. The transfer of everything except the patents could be effectually made by parol. *Crocker* v. *Whitney,* 10 Mass. 316. *Tibbets* v. *George,* 5 A. & E. 107. *Heath* v. *Hall,* 4 Taunt. 326. *Lanigan* v. *Bradley & Currier Co.* 5 Dick. 201.

But, if the form of transfer is sufficient, the plaintiff to show a right to relief must resort to the principle enunciated by Mr. Justice Field in *Erwin* v. *United States,* 97 U. S. 392, that " claims for compensation for the possession, use, or appropriation of tangible property constitute personal estate equally with the property out of which they grow, although the validity of such claims may be denied, and their value may depend upon the uncertainties of litigation, or the doubtful result of an appeal to the Legislature." A mere right, however, to litigate for a fraud perpetrated upon it and nothing more, was not assignable at law or in equity. *Read* v. *Hatch,* 19 Pick. 47, 48. *Cutting* v. *Tower,* 14 Gray, 183. *Leggate* v. *Moulton,* 115 Mass. 552. *Cutter* v. *Hamlen,* 147 Mass. 471, 473. *Houghton* v. *Butler,* 166 Mass. 547. It would not be of itself a saleable asset, or by the weight of authority an interest in property, to which the right to sue passes as incidental. *Trull* v. *Eastman,* 3 Met. 121. *Rindge* v. *Coleraine,* 11 Gray, 157, 162. *Rice* v. *Stone,* 1 Allen, 566, 568, 571. *Nickerson* v. *Massachusetts Title Ins. Co.* 178 Mass. 308, 312. *Robinson* v. *Wiley,* 188 Mass. 533. *Sibley* v. *Nason,* 196 Mass. 125. *Emmons* v. *Barton,* 109 Cal. 662. *Metropolitan Life Ins. Co.* v. *Fuller,* 61 Conn. 252, 260. *Dayton* v. *Fargo,* 45 Mich. 153. *McLellan* v. *Walker,* 26 Maine, 114. *McMahon* v. *Allen,* 35 N. Y. 403. *Holmes* v. *Evans,* 129 N. Y. 140. *National Bank* v. *Hancock,* 100 Va. 101. *Comegys* v. *Vasse,* 1 Pet. 193. *Graham* v. *Railroad Co.* 102 U. S. 148. *Traer* v. *Clews,* 115 U. S. 528. *Dickinson* v. *Burrell,* L. R. 1 Eq. 337.

The right possessed by the company to institute proceedings in equity not having been assignable has not passed to the plaintiff, and in the opinion of a majority of the court the demurrers must be sustained and the bill dismissed.

*Decree accordingly.*