ANGIE BROWNE *vs.* GEORGE A. MERRIKIN.

Plymouth.   December 4, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Pleading and Practice*, Variance.

An appeal from a final decree in a suit in equity on the ground of variance between facts found by a master and facts alleged in the bill will not be

sustained if, before the entry of the final decree, an amendment to the bill is allowed alleging facts with which the facts found by the master conform.

BILL IN EQUITY, filed in the Superior Court on March 14, 1923, in which the plaintiff sought to restrain the foreclosure of and to have discharged a mortgage held by the defendant upon her real estate in Brockton, she in substance alleging that the plaintiff had given the mortgage to the defendant to secure him in carrying out an agreement to erect a garage and a greenhouse upon the mortgaged premises; that the defendant partly performed his contract but neglected and refused to complete it and to pay for material and labor amounting to $900 for which the plaintiff was obliged to pay; that the defendant owed the plaintiff $3,162.70 upon an account annexed for board and lodging of the defendant and his family; and that there had been a failure of consideration for the mortgage.

The suit was referred to a master, who found in substance that the plaintiff owned and conducted a lodging and boarding house; that in 1920 the defendant, his wife and four children came to live with the plaintiff; that in that year "the plaintiff and defendant entered into the following agreement: the defendant agreed that he and his wife and children should come to live with the plaintiff; that he and his wife should assist the plaintiff in the conduct, care and management of the business of conducting a lodging house and that the defendant agreed to take care of the plaintiff for the rest of her life. The plaintiff agreed that if the defendant and his family would live with her as aforesaid she would make a will in favor of the defendant leaving him all of her property"; that in 1921 the plaintiff made the will; that about that time the defendant planned the erection of a garage and greenhouse; that he "did not think that the will gave him sufficient protection for the work that he and his family were doing and for the work he intended to do. He consulted an attorney and was advised to procure a mortgage in addition to the will as protection in case the will should be destroyed. Thereupon he suggested that the plaintiff give him a mortgage in addition to the will for the reasons afore-

said," and a mortgage for $2,000 was given. "In November, 1921, the defendant started to erect a garage on the rear of the lot, and stopped work on the same when it was substantially completed in the spring of 1922 . . . . All bills for materials were paid for by the plaintiff." The greenhouse was never started, although the plaintiff repeatedly asked the defendant to build it. In January, 1922, the defendant's wife left him "because of the abuse of her by the defendant and because of his ugliness of disposition towards her brought about by the use of intoxicating liquor." The plaintiff hired another woman in her place. "In the summer of 1922 the plaintiff asked the defendant for a discharge of the mortgage but he would not give it. The defendant and his children with the exception of one child of four continued to live with the plaintiff until March 19, 1923, at which time he left her premises and did not return again. From January, 1923, until the time he left, the defendant was frequently under the influence of intoxicating liquor, was ugly, had trouble with some of the boarders and was very quarrelsome with the plaintiff. Because of his actions the plaintiff was finally forced to ask him to leave the house. On several occasions between January, 1923, and March 19, 1923, the plaintiff demanded the mortgage back but this was refused by the defendant. Sometime shortly after the defendant had left the plaintiff she destroyed her will."

The master's conclusions were as follows: "I find and conclude that the plaintiff carried out her part of the agreement as herein set forth but that the defendant did not carry out his part of the agreement. I find and conclude that up to the time when the plaintiff ordered the defendant from the house there was no money due either the plaintiff or defendant from each other."

The defendant filed exceptions to the report which substantially related solely to questions of fact, excepting the third exception, which was as follows: "3. That the master has not made his findings on the contract as alleged in the bill of complaint."

The exceptions were heard by *Morton*, J., by whose order an interlocutory decree was entered on February 28, 1924, overruling the exceptions and confirming the report. No

appeal from the interlocutory decree appears to have been entered. On April 21, 1925, the judge allowed a motion by the plaintiff to amend the bill of complaint "by striking out the first paragraph thereof, namely that portion thereof which appears before the prayer therein, and inserting in place thereof," the following:

"And the plaintiff says that on or about October 10, 1921, she gave a mortgage on her real estate situated in Brockton, in said county of Plymouth, to the defendant for the sum of $2,000, without interest, a copy of which is hereto annexed, marked 'A', as security for an agreement with the defendant to the effect that the defendant and his wife should come to live with her; that the defendant and his wife should assist her in the conduct, care and management of the business of conducting a lodging house; that the defendant should take care of her for the rest of her life and in consideration of such agreement by the defendant, the plaintiff agreed to make a will in favor of the defendant leaving him all of her property; that the plaintiff has carried out her part of the agreement as above set forth, but the defendant has failed to carry out his part of the agreement; and that the plaintiff has reasons to believe and does believe that the defendant will foreclose said mortgage."

On April 23, 1925, by order of the judge, there was entered what was denominated a "final decree" which read as follows: "This case came on to be heard upon the defendant's exceptions to the master's report and upon motion to confirm the master's report at the sitting of the court in February, 1924, at Plymouth, within and for the county of Plymouth, was argued by counsel, and upon consideration thereof, it was ordered that the defendant's exceptions to the master's report be overruled and that an interlocutory decree be entered confirming the master's report; and upon motion by the plaintiff for a final decree, it is ordered, adjudged and decreed: 1. That the defendant be, and he is hereby restrained from foreclosing, assigning or disposing of said mortgage and note; and 2. That said mortgage and note are hereby cancelled and discharged."

The defendant appealed "from the final decree entered in said case under date of April 23, 1925."

*C. G. Willard,* for the defendant.

*F. M. Kane,* for the plaintiff.

BRALEY, J.    The defendant appealed from the interlocutory decree overruling his exceptions and confirming the master's report.    But, the evidence not having been reported, the findings of fact by the master are conclusive and the decree must stand, leaving nothing open on appeal from the final decree except the question, whether it is in conformity with the pleadings and the report.

It is contended there is a variance between the original bill and the findings by the master that "from January, 1923, until the time he left, the defendant was frequently under the influence of intoxicating liquor, was ugly, had trouble with some of the boarders and was very quarrelsome with the plaintiff.    Because of his actions," the plaintiff, who kept a boarding house, "was finally forced to ask him to leave the house," where he was living when the plaintiff executed and delivered the mortgage described in the original bill.    But the decree, restraining the defendant from foreclosing, assigning or disposing of the mortgage, and cancelling and discharging the mortgage, rests on the bill as amended, which substantially states the contract between the parties as found by the master.    The master also reports that the mutual performance of the contract described in the original bill was the consideration for the mortgage, and that, while the plaintiff committed no breach, the defendant refused performance.

The exceptions having been finally disposed of, the defendant cannot under the guise of variance maintain objections to the final decree which do nothing more than repeat in another form the overruled exceptions.    *Malden & Melrose Gas Light Co.* v. *Chandler,* 209 Mass. 354, 358.    *Fordyce* v. *Dillaway,* 212 Mass. 404.    *Arnold* v. *Maxwell,* 223 Mass. 47, 48, 49.    *Pizer* v. *Hunt,* 253 Mass. 321.    We must assume in the absence of any appeal by the plaintiff that she was satisfied with the measure, and form of relief decreed, and, finding no error of law on the defendant's appeal, the decree is affirmed with costs.

*Ordered accordingly.*