BLISS PETROLEUM CO. *v.* McNALLY.

1. CORPORATIONS—LIABILITY OF DIRECTORS SELLING OWN PROPERTY
   TO CORPORATION—MEASURE OF DAMAGES.

   Where directors sell their own property to corporation through
   their own action or influence as officers, and corporation does
   not repudiate purchase, they are liable, not upon theory of
   secret profit, but for fraud or excessive price, and measure of
   damages is difference between price paid by corporation and
   fair value of property.

2. SAME—DIRECTORS OWE CORPORATION GOOD FAITH AND · HONEST
   SERVICE.

   Directors owe corporation good faith and honest service.

3. SAME—DIRECTORS ACT IN TRUST CAPACITY.

   If directors undertake to acquire property for corporation, they
   act in trust capacity in acquiring it, and express direction by
   corporation to them to purchase is not requisite of liability in ·
   this respect.

4. SAME—MINES AND MINERALS—DUTY OF DIRECTORS.

   That directors of oil corporation have right to deal personally in
   oil leases does not modify their duties as directors when their
   transactions touch ·corporation itself.

5. SAME—OBLIGATIONS AND LIABILITIES OF DIRECTORS TO CORPORA-
   TION ARISE OUT OF TRUST DUTIES.

   Obligations and liabilities of directors in purchasing property
   for, or selling their own property. to, corporation, arise out of
   their trust duties in dealing fairly with corporation.

6. SAME—RULE OF SECRET PROFIT—MEASURE OF DAMAGES.

   If directors purchase personally, with intention to sell to cor-
   poration, or while purporting to act as corporation officers,
   whole benefit inures to corporation under rule of secret profit,
   and they are liable for price paid by corporation less cost to
   them.

7. SAME—SECRET PROFIT—QUESTION FOR JURY.

   In action by oil corporation against directors for secret profits on
   oil leases purchased by them and sold to corporation, testi-
   mony *held,* to present issues of fact for jury.

8. SAME—DECLARATION—SUFFICIENCY.

> While declaration, in action by corporation against directors for secret profits, was not quite specific, in view of distinction between directors' liability for secret profits and their liability for fraud or excessive price, it is *held*, sufficient, in absence of motion for greater particularity.

9. SAME—RESOLUTIONS AUTHORIZING CORPORATION TO SUE DIRECTORS.

> Resolutions authorizing corporation to sue directors for secret profits are immaterial, where defendants do not deny authority of corporation to sue.

Error to Genesee; Parker (James S.), J. Submitted April 16, 1931. (Docket No. 116, Calendar No. 34,921.) Decided June 1, 1931.

Case by Bliss Petroleum Company, a Michigan corporation, against Thomas McNally and others as its directors to recover alleged secret profits in corporate transactions. Judgment for plaintiff. Defendants bring error. Reversed, and new trial ordered.

*Cook, Sheppard & Stipes,* for plaintiff.

*Frank A. Rockwith* (*Guy W. Selby* and *Robert J. Curry,* of counsel), for defendants.

FEAD, J. Plaintiff is a Michigan corporation, organized in September, 1925. In 1926, the directors were defendants, E. C. Vandewalker, now dead, P. T. Slattery, and C. H. Bliss. Defendant Wilson was director, secretary, and manager of the company.

August 14, 1926, Wilson, acting for himself, the other defendants, Slattery, and Vandewalker, secured an oil and gas lease from Herman Oehring and wife, took it in the name of John Hopkins, now dead, and, on August 18th, at a regular meeting of .

the board of directors at which only defendants, Slattery, and Vandewalker were present, sold it to the corporation for 3,600 shares of stock, worth $1 per share.

November 1, 1926, Wilson, acting as before, obtained an oil and gas lease from Ed Engel, also running to Hopkins, and, at a regular meeting of the board of directors, at which only defendants and Slattery were present, sold it to the corporation for $7,200.

The leases cost defendants $1 each, besides some expense in procuring them. The corporation has not rescinded the purchases. It has drilled on the premises and both leases have producing wells. There is no claim of actual money loss to plaintiff.

This action is to recover from defendants the value of the stock and money paid for the leases, on the theory that they constituted secret profits of directors in corporate transactions. The court directed a verdict for plaintiff for such amount.

Counsel do not disagree upon the general rules governing the duties of fidelity, fairness, and frankness owing to a corporation by directors, their liability for secret profits, and their right, under proper circumstances, to sell to the corporation. However, the mere recognition of these general rules is not sufficient. There is need to be specific. The difference between damages recoverable for improper sale and as secret profits is not always clear, and it appears to us that the testimony here demanded a sharper discrimination between the private rights and official obligations of directors than seems to have been suggested by counsel to the trial court.

There was testimony that Wilson was an officer in two other oil companies and a real estate dealer handling leases, and was so known to plaintiff; that

it was distinctly understood, when he was made manager, that he was not expected to acquire leases for plaintiff; that in 1926 plaintiff was not in the market seeking leases as it already had more lands than it had funds to drill; that the Oehring and Engel leases were taken by Wilson in the course of independent and personal dealings, in harmony with his agreement with plaintiff; that he and the other defendants and associates had been engaged together for some time in independent dealing in such leases; that they did not obtain the leases with the intention of selling them to plaintiff; that after the leases had been procured, subsequent events convinced defendants and their associates that they were valuable to plaintiff and funds could be raised on them for immediate drilling; and defendants made the sale in good faith and for the advantage of plaintiff.

This testimony presented an issue of fact which called for application of the rule on sale of property. When directors sell their own property to a corporation, through their own action or influence as officers, or without disclosing their interest, and the corporation does not repudiate the purchase and rescind, the directors are liable not upon the theory of secret profits (*Highland Park Investment Co.* v. *List,* 27 Cal. App. 761 [151 Pac. 162]), but for fraud or excessive price, and the measure of damages is the difference between the price paid by the corporation and the fair value of the property. *Garber* v. *Town,* 208 Mich. 1, 12; *Danville, H. & W. R. Co.* v. *Kase,* 17 Phila. 332, same case, 39 Atl. (Pa.) 301; *Dean* v. *Shingle,* 198 Cal. 652 (246 Pac. 1049, 46 A. L. R. 1156); *Parker* v. *Nickerson,* 137 Mass. 487; 14A C. J. p. 116.

There was also testimony that Wilson claimed to the lessors that he was representing the corporation

in negotiating the leases, the corporation was to be the real lessee, and the intervention of Hopkins was merely a customary way of taking oil leases to a corporation. Wilson denied this. There were further facts and circumstances from which it reasonably could be inferred that defendants procured the leases for the purpose and with the intention of selling them to plaintiff.

Directors owe the corporation good faith and honest service. Good faith includes not only personal upright mental attitude and clear conscience, but also intention to observe legal duties. Honest service includes elimination of private gain in corporate transactions conducted by directors and not approved by other authorized disinterested officers, with full knowledge of the facts. If directors undertake to acquire property for the corporation, they act in a trust capacity in acquiring it. Express direction by the corporation to them to purchase is not a requisite of liability in this respect. Nor does the fact that they have a right to deal personally in leases modify their duties as directors when their transactions touch the corporation itself. Their obligations and liabilities arise out of their trust duties in dealing fairly with the corporation. If they purchase personally, with the intention to sell to the corporation, or while purporting to act as corporation officers, the whole benefit of the purchase inures to the corporation and the rule of secret profits applies. In such case, the rule of damages is that directors would be liable for the price paid by the corporation less the cost of the lease to them. *Badger Oil & Gas Co.* v. *Preston,* 49 Okla. 270 (152 Pac. 383); *Douglass-Whisler Brick Co.* v. *Simpson,* 233 Pa. 515 (82 Atl. 759); *Parks* v. *Hughes,* 145 La. 222 (82 South. 202); *Redhead* v. *Parkway Driving Club,* 148 N. Y. 471 (42 N. E.

1047); *Loewer* v. *Lonoke Rice Milling Co.*, 111 Ark. 62, 74 (161 S. W. 1042); *Spaulding* v. *North Milwaukee Town Site Co.*, 106 Wis. 481, 493 (81 N. W. 1064); *Parker* v. *Nickerson, supra.* Of interest generally are: *Southwestern Portland Cement Co.* v. *Latta & Harper* (Tex. Civ. App.), 193 S. W. 1115, 1131; *Ruethel Mining Co.* v. *Thorpe,* 9 Ont. W. R. 942; *Drennen* v. *Southern States Fire Ins. Co.*, 164 C. C. A. 616 (252 Fed. 776); *Great Luxembourg R. Co.* v. *Magnay,* 25 Beav. 586 (53 Eng. Rep. Repr. 761); *New York Trust Co.* v. *American Realty Co.*, 244 N. Y. 209 (155 N. E. 102); *United Zinc Companies* v. *Harwood,* 216 Mass. 474 (103 N. E. 1037, Ann. Cas. 1915 B, 948); *Citizens Development Co.* v. *Kypawva Oil Co.*, 191 Ky. 183 (229 S. W. 88); *Bennett* v. *Havelock Elec. Light & Power Co.*, 21 Ont. L. R. 120; *Earle* v. *Burland,* 27 Ont. App. 540, affirmed 13 Can. R. App. Cas. 418; *Stanley* v. *Luse,* 36 Ore. 25 (58 Pac. 75); 4 Fletcher Encyc. Corporations, § 2318; 14A C. J. p. 115.

We think the testimony presented issues of fact for the jury.

At the trial, complaint was made of the declaration, but, while not quite specific in view of the above distinctions, it states a cause of action, and, in the absence of motion for greater particularity, is sufficient. Resolutions authorizing commencement of this suit were admitted in evidence. Defendants claim there was no denial of the authority of the corporation to sue. If that be so, the resolutions were immaterial.

Judgment is reversed, and new trial ordered, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.