Riley, J.
This action of contract brought by the Automotive Distributors, Inc., against Davis & O’Connor Co. Inc., seeks the recovery of $182.16 being a balance due for merchandise sold and delivered by the plaintiff to the defendant on specific dates during the months of April, May, June and July in the year 1940.
The defendant’s answer consists of a general denial and payment.
At the trial the plaintiff introduced in evidence interrogatories addressed to the defendant and the answers thereto. It also put in evidence a business certificate which had been duly recorded in the City Clerk’s Office of the City of Boston, which reads as follows:
*291 ‘ ‘ Commonwealth of Massachusetts Lynn, Mass. July 25,1938
In conformity with the provisions of Chapter 110, Section 5 of the General Laws notice is hereby given that the business of the Boston Bing & Gasket Co. is conducted at No. 1-3 Brighton Avenue, Boston, Mass, by the following party: Automotive Distributors Inc. a Massachusetts corporation duly organized by law, with a principal place of business at 115-133 Central Ave., Lynn, Mass.
Automotive Distbibutobs Inc. by W. G. Bryant, President By Nathan H. Gabbitz”
The defendant introduced in evidence a blank form of Invoice and blank form of Statement, both of which came from the possession of the plaintiff.
The report then states that the defendant introduced no further evidence and that the evidence set forth is all the evidence material to the issues involved in this report.
At the close of the trial the defendant filed the following requests for rulings of law:
_ 1. The Court as a matter of law takes judicial notice of Chapter 189 Acts of 1939 of Massachusetts and rules as a matter of law that by virtue of said Act that Boston Bing & Gasket Co. was dissolved as of January 3, 1939, subject to the provisions of Sections 51, 52 and 56 of Chapter 155 of the General Laws of Massachusetts.
2. As a matter of law, after January 3,1939, Boston Bing & Gasket Co. had legal capacity as a body corporate for three years for “enabling it gradually to *292 settle and close its affairs, to dispose of and convey its property and to divide its capital stock, bnt not for the purpose of continuing the business for which it was established.”
3. As a matter of law, after January 3, 1939 Boston Bing & Gasket Co., could not continue the business for which it was established in its own name, and such business could not be carried on by Automotive Distributors, Inc., doing business under the name of Boston Bing & Gasket Co.
4. As a matter of law, the plaintiff had no legal right from January 3, 1939 for three years thereafter to do business under the firm name and style of Boston Bing & Gasket Co. and that no legal right can enure to the plaintiff against the defendant on the plaintiff’s declaration.
5. As a matter of law the plaintiff, Automotive Distributors, Inc., a corporation duly organized by the laws of Massachusetts and with an usual place of business in Boston, Massachusetts, has no legal capacity to sue in this case as “Automotive Distributors, Inc.” a corporation duly established according to law and having an usual place of business in Boston, Suffolk County, doing business under the firm name and style of Boston Bing & Gasket Co. and the court must find for the defendant.
The trial judge acted upon said requests as follows:
Bequest for ruling Nos. 1 and 2 — granted.
Bequest for ruling No. 3 — I rule that after January 3, 1939, the Boston Bing & Gasket Co. could only carry on business as set forth in request No. 2 but that the plaintiff could carry on the same kind of business and that it is immaterial whether the plaintiff did business in its own name or in the name of Boston Bing & Gasket Co. See finding.
Bequest for ruling No. 4 — I rule that it is immaterial whether the plaintiff had any legal right for three years *293 after January 3, 1939 to do business under the firm name and style of Boston Bing & Basket Co., and deny that no legal right can enure to the plaintiff against the defendant on the plaintiff’s declaration. See finding.
Bequest for ruling No. 5 — Denied,
and made the following special finding of facts,
“I find the plaintiff doing business under the name and style of Boston Bing & Basket Co. furnished the items set forth in its declaration to the defendant. The defendant received the items from the plaintiff believing it was receiving the items from the Boston Bing & Basket Co., a corporation which had been previously dissolved by Chapter 179 Acts of 1939: The defendant has kept the items and made no payment therefor except as shown in the declaration”, and found generally for the plaintiff in the sum of $182.16 with interest thereon from September 18, 1949.
The substance of' the evidence contained in the interrogatories and the answers thereto, is that the defendant received the merchandise from the plaintiff, but that the defendant believed it was dealing with the Boston Bing & Basket Co. So much of the caption of the Invoice which was introduced in evidence as is material to this opinion, reads as follows:
“BOSTON BINB & BASKET CO. subsidiary of Automotive Distributors, Inc 1 BBIBHTON AYE., BOSTON, MASS.”
That part of the caption of the Statement which was introduced in evidence and material to this opinion reads as follows:
*294 “Statement
AUTOMOTIVE Distributors Inc.
A Consolidation Of
Essex Tire Boston Bing
and Supply Co. and Casket Co.
Lynn Boston”
It is apparent that on July 25,1938 there was in existence the Automotive Distributors, Inc. and the Boston Bing & Casket Co., both Massachusetts corporations; that on said date the Automotive Distributors, Inc. filed a certificate in the City Clerk’s Office of the City of Boston in accordance with the provisions of Ceneral Laws Chapter 110 section 5; that by virtue of the enactment of Chapter 189 of the Acts of 1939, the Boston Bing & Casket Co., a corporation, was dissolved as of January 3, 1939, subject to the provisions of Ceneral Laws Chapter 155 sections 51, 52 and 56; and that in the months of April, May, June and July, 1940, the merchandise here under discussion was obtained by the defendant from the Automotive Distributors, Inc.
The contention of the defendant as disclosed in its requests for rulings of law and its brief, we believe to be without merit.
At the time the merchandise was obtained (April to July, 1940) the Boston Bing & Casket Co. corporation, as a business concern ceased to exist, although until dissolved it is a technical legal entity. United Zinc Co. v. Harwood, 216 Mass. 474.
There is no obstacle to a corporation disposing of its assets including its good will to another corporation. Likewise, it is not illegal for a corporation to acquire the assets *295 including the good will of another corporation provided it complies with the provisions of General Laws, Chapter 110 section 5, which section is for the information and protection of creditors. Crompton v. Williams, 216 Mass. 184 Mass. 187. The plaintiff being a person within the meaning thereof, properly filed the certificate set forth above. C. H. Bastchelder & Co. v. Batchelder, 220 Mass. 42.
“The right to use the firm name, for the purpose of designating the business carried on by a purchaser as a continuation of that done by the old firm, passes with a sale of the good will. This is an exclusive right.” Moore v. Rawson, 199 Mass. 493 at 498. While the plaintiff might have conveniently advertised as successors to the Boston Bing & Basket Co., it was not required to do so in those words. The wording employed clearly indicated that the Boston Bing & Basket Co. had been acquired by the Automotive Distributors, Inc. The two names are not at all similar and the manner in which they are set forth in the captions of the two exhibits in evidence is not a fraud on the public.
We see nothing that was not legitimate in the way in which the plaintiff advertised the fact that it had acquired the Boston Bing & Basket Co.
There being no error prejudicial to the defendant in the trial judge’s disposition of its requests for rulings, it is ordered — Beport dismissed.