## C. N. Quimby vs. John M. Varnum.

Suffolk.    March 10, 1905. — January 5, 1906.

Present: Knowlton, C. J., Lathrop, Hammond, & Braley, JJ.

Suffolk.    November 16, 1905. — January 5, 1906.

Present: Knowlton, C. J., Morton, Hammond, Loring, & Sheldon, JJ.

*Bills and Notes.    Negotiable Instruments Act.*

Since the enactment of St. 1898, c. 533, as well as before, one who has placed his
signature on the back of a promissory note payable to the order of a third
person, in blank before delivery, if he pays the note extinguishes it and cannot
negotiate it.    Section 121 of that statute, now R. L. c. 73, § 138, has no applica-
tion to such a case, giving a remedy only to subsequent indorsers.

Contract on two promissory notes made by John M.
Varnum, the defendant, payable to the order of John H. Hurley,
attorney, one for $250 dated October 10, 1898, payable twelve
months after date, and the other for $200 dated April 10, 1899,
and payable on May 1, 1899.    Writ dated June 27, 1904.

The answer, among other defences, alleged payment.    At the
trial in the Superior Court before *Hardy*, J., without a jury, the
following facts appeared:

Both of the notes sued on were signed on the back in blank
by Benjamin Varnum Howe after they had been signed by the
defendant and then were delivered by the defendant to Hurley,
the payee.

At the maturity of each note Hurley notified Howe that the
notes were not paid and that he should look to him for payment.
Howe thereupon paid the amount due on the notes to Hurley,
whereupon Hurley struck his own indorsement off the notes
by drawing a line through his name, and handed the notes to
Howe.

Howe retained the notes in his possession until April or May,
1904, when he negotiated them to the plaintiff, to whom he
owed money at that time.    The notes were to be applied on
Howe's account with the plaintiff.    No money ever was received
on the notes by Howe from the defendant.

The defendant requested the judge to rule that the plaintiff could not recover, because Howe having indorsed the notes before delivery was an original promisor and co-maker with the defendant and not an indorser, and that the plaintiff, having received the notes after maturity and after they had been paid by Howe, the co-maker, could not maintain an action thereon; that the co-maker Howe having paid the notes to Hurley the payee at their maturity, the notes became extinguished and would not support the present action based solely on the notes; that each note was a promise to pay John H. Hurley, attorney, and that neither of the notes offered in evidence bore the indorsement of John H. Hurley, attorney, and therefore the action on the notes could not be maintained; and that on all the evidence the plaintiff was not entitled to recover.

The judge refused to rule as requested, but ruled that each note was a promise to pay to the order of John H. Hurley, attorney, and that neither of the notes offered in evidence bore the indorsement of John H. Hurley, attorney, and further ruled, at the request of the plaintiff, that Howe by placing his signature on the notes in suit in blank before delivery became secondarily liable to the payee, that payment of the notes sued on by the indorser, Benjamin Varnum Howe, did not discharge or extinguish the notes, that upon paying the face of the notes to the payee, Howe was entitled to the possession of the notes and vested with the right to recover the amount from the maker, and that after paying the amount of the notes sued on and receiving possession of them he was entitled to negotiate them, that the plaintiff upon receiving the notes from Howe succeeded to all the rights against the maker which Howe had, that where an instrument is negotiated back to a prior party that party may reissue and further negotiate the same, and that the holder of a negotiable instrument may sue thereon in his own name.

The judge found for the plaintiff in the sum of $590.53; and the defendant alleged exceptions.

This case was argued for the defendant on March 10, 1905, before *Knowlton,* C. J., *Lathrop, Barker, Hammond & Braley,* JJ. The counsel for the plaintiff was not called upon. Afterwards the court notified the counsel that they wished to hear further argument, and the case was reargued on November 16,

1905, before *Knowlton,* C. J., *Morton, Hammond, Loring &
Sheldon,* JJ.

*W. A. Hayes, 2d,* for the defendant.

*M. S. Holbrook,* for the plaintiff.

HAMMOND, J. The note of October 10, 1898, was given
before St. 1898, c. 533, (now embodied in R. L. c. 73,) took
effect ; and of course the rights of the parties so far as respects
that note are to be determined by the law of this Commonwealth
as it was before the statute. By that law Howe, although en-
titled to notice of the dishonor of the note the same as an
indorser, was nevertheless a co-maker and joint promisor, and
the payment of the note by him extinguished it; and he could
not thereafter put it in circulation as against his co-promisor,
although in a proper action he could recover of him the amount
paid, if, as between the two, it was the duty of the latter to pay
the note. *Pray* v. *Maine,* 7 Cush. 253, and cases cited. *Brooks*
v. *Stackpole,* 168 Mass. 537. *National Bank of Republic* v.
*Delano,* 185 Mass. 424.

The same doctrine is applicable to the note of April 10, 1899,
which was made after the statute above named took effect,
unless there is something in that statute to the contrary. The
plaintiff contends that there is something there to the contrary.
He contends that under R. L. c. 73, §§ 80, 81, the rights and
liabilities of Howe were those of an indorser and therefore he
was only secondarily liable, and that by § 138 the payment of
the note by Howe did not extinguish it but he was remitted to
his former rights on the note, and under that section and § 67
might reissue it.

But we cannot adopt this interpretation of the statute. It is
manifest that the precise case in hand, so far as respects the
original signature of Howe, is described in § 81 of the statute
in the following words: " Where a person, not otherwise a party
to an instrument, places thereon his signature in blank before
delivery, he is liable as indorser . . . : 1. If the instrument is
payable to the order of a third person he is liable to the payee
and to all subsequent parties." This section accurately defines
the liability of Howe upon this note. And in a sense this
liability may be said to be secondary.

Section 138 of R. L. c. 73, provides that " where the instru-

ment is paid by a party secondarily liable thereon it is not discharged; but the party so paying it is remitted to his former rights as regards all prior parties, and he may strike out his own and all subsequent indorsements, and again negotiate the instrument," with some exceptions not here material. It is plain that this section cannot apply to a case like the one before us. First, what kind of note would this have been if Howe had done what the statute suggests? Let him strike out his own and all subsequent indorsements. Subsequent indorsements must be held to mean subsequent in point of liability. He must therefore strike out not only his own indorsement but also that of the payee. Having done what the statute says, he has a note signed by Varnum payable to the order of Hurley, but without Hurley's indorsement, and further, without any right to Hurley's indorsement. Is such a note negotiable? * Again, the statute says that the party secondarily liable is remitted to his former rights as regards all former parties. But the only prior party Howe could look to is the maker, for he stands next to the maker in the order of liability, but, as against him, Howe never had any claim on the note as such, and it never was intended that he should have. If this note never had been delivered to Hurley, but had been handed to Howe in the first instance by Varnum, could Howe have negotiated it without the indorsement of the payee? And when he has paid it and is remitted to his former rights, does he get any other right than he had before? The section is clearly inapplicable to such a state of things. It is intended to apply where the person secondarily liable can trace his title on the face of the note and its indorsements through the prior parties to the party whom he seeks to hold. This Howe could not do, nor can the plaintiff. Having paid the note Howe had an action against Varnum to recover, but the action was not upon the note.

It follows that the plaintiff cannot recover on either note.

*Exceptions sustained.*

---

* In the case at bar the note sued on did not bear the indorsement of the payee, Hurley having struck out his own indorsement before he handed the note to Howe. See p. 211.