CATHERINE MULREADY, executrix, *vs.* HAROLD A. PHEENY & another.

FRANCIS T. MEAGHER *vs.* CATHERINE MULREADY, executrix.

Suffolk.   Plymouth.   March 11, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Rescission, Validity.   *Assignment.   Fraud.   Maintenance.*

A widow, the executrix of the will of her husband, sold certain corporate stock which was a part of his estate.   After the sale she made, in consideration of cash paid and a promise to pay her a higher price for the stock, an agreement with a third person, also desiring to purchase the stock, to prosecute a suit for the recovery of the stock from the purchaser on the ground of a fraud in the sale, and, after she recovered it, to sell it to the third person, who would pay the expenses of the suit. The suit by the widow was begun, but, after entry, she filed a disclaimer on the ground that after the filing of the bill in good faith she had come to distrust its allegations, which were made by her on the representations by her attorney, "to such an extent that she feels she cannot conscientiously prosecute said bill further," and that she "revokes the right of any and all persons to further prosecute said suit in her name." Three months later, the proposed second purchaser filed in the suit a petition to intervene, setting up the allegations as to his agreement with the plaintiff.   After a hearing, the petition was denied and the bill was dismissed.   *Held,* that

(1) A mere naked right to set aside a contract on the ground of fraud is not assignable;

(2) Having no right as assignee and no right personally in equity to enforce the rights of the plaintiff in the suit, it would be against public policy to permit the intervenor to prosecute a suit which the plaintiff herself did not believe had merit and which she could not in good conscience prosecute.

In the circumstances, the petitioner to intervene in the suit above described should not be permitted to maintain a bill in equity to compel the plaintiff in that suit to perform her agreement with him.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 21, 1924, to set aside as procured by fraud a sale of corporate stock.   Also, a

BILL IN EQUITY, filed in the Superior Court for the county of Plymouth on July 16, 1924, for specific performance of an agreement by the plaintiff in the first suit to prosecute that suit and to sell to the plaintiff in the second suit the stock which was the subject matter of the first suit.

A disclaimer filed by the plaintiff in the first suit and a petition by the plaintiff in the second suit to intervene in the first suit are described in the opinion. The petition to intervene was heard by *Morton*, J., and there were entered an interlocutory decree denying the petition and a final decree dismissing the suit. The intervening petitioner appealed.

The defendant in the second suit demurred. The demurrer was heard by *Qua*, J., by whose order an interlocutory decree was entered sustaining it. The plaintiff moved to amend the bill of complaint, which motion was heard by *Hammond*, J., by whose order there were entered an interlocutory decree denying the motion to amend and a final decree dismissing the bill. The plaintiff appealed.

*G. W. Reed*, for Meagher.

*W. Powers*, for Pheeny and Moran.

*W. T. Snow*, for Mulready.

CARROLL, J. These are two suits in equity growing out of a transaction concerning certificates of stock in the General Mortgage and Loan Corporation, which were originally issued to Edwin Mulready, now deceased.

Number 1921 is a suit by Catherine Mulready, his widow and the executrix of his will, against Harold A. Pheeny and Barbara M. Moran, to rescind the sale of the stock by Mrs. Mulready to Pheeny, on the ground that the plaintiff was defrauded by Pheeny through Barbara M. Moran, his agent. The bill alleges that Barbara Moran represented to the plaintiff "that no dividends had been paid on said stock and it had no value"; that Pheeny "would offer the sum of Three Hundred and Fifty Dollars ($350) and that Pheeny had offered her [Moran] a similar amount for some stock which she owned"; that these statements were false and were made with intent to deceive the plaintiff; that before the false representations were made it had been voted by the board of directors of the corporation to offer Mrs. Mulready $1,496.97

for her stock. It is further alleged that the plaintiff delivered the stock certificate to Moran; that Pheeny received it and wrote the letter annexed to the bill, containing false and fraudulent statements. There is no allegation in the bill that there was an offer to return the money paid the plaintiff. In the prayer of the bill a restraining order was asked for, and that Pheeny be ordered to return the stock certificate. The bill was dated April 21, 1924. On June 27, 1924, Mrs. Mulready filed a disclaimer stating that she filed the bill in good faith, relying on the advice and at the request of her former counsel, George W. Reed, believing the facts stated in the bill to be true; that since filing the bill evidence had come to her knowledge which caused her to distrust many of the substantial allegations in the bill "to such an extent that she feels she cannot conscientiously prosecute said bill further," and that she "revokes the right of any and all persons to further prosecute said suit in her name." On September 30, 1924, Francis T. Meagher filed a petition to intervene, alleging in substance that on April 14, 1924, Mrs. Mulready gave him an option on the stock, and "In the event that the shares are secured from Harold A. Pheeny you are to pay me the value placed upon them by the directors, approximately $1,433.35." The petition to intervene asserts that on April 18, 1924, the petitioner paid Mrs. Mulready $500, and received a receipt therefor, copy of which is inserted in the petition, which receipt states that she agreed to sell to Meagher the certificate of stock "when the same is recovered from Harold A. Pheeny," the balance, $996.97, to be paid her when the certificate is recovered from Pheeny. In this receipt Mrs. Mulready agreed to prosecute all suits for the recovery of the stock for the benefit of Meagher. The petition to intervene further alleges that the petitioner gave to Mrs. Mulready's agent a writing to the effect that all expenses for the litigation were to be borne by Meagher, and a writing signed by his attorney, George W. Reed, to look to Meagher for the expenses of the litigation. In the Superior Court, on a motion of the plaintiff, decrees were entered dismissing the bill and dismissing the petition to intervene. From these decrees Meagher appealed.

Number 1948 is a suit brought by Meagher against Mrs. Mulready for specific performance of the contract to prosecute her suit against Pheeny and Moran and satisfy her contract with Meagher. The defendant's demurrer to this bill was allowed and the bill dismissed. The plaintiff appealed.

In No. 1921 the plaintiff (Mrs. Mulready) asks for a rescission of the agreement by which she disposed of the stock, because of the fraudulent representations made to her. Meagher contends that he has a sufficient interest in the suit to enable him to intervene. Mrs. Mulready had, at most, only the right to rescind the contract because of the fraud practised on her. That right could not be assigned or transferred. A mere naked right to set aside a contract on the ground of fraud is not assignable. Meagher was not defrauded. To permit him to litigate for a fraud practised on his assignor would be against public policy. Such a right "is not a marketable commodity." See *De Hoghton* v. *Money*, L. R. 2 Ch. 164, 169. *Prosser* v. *Edmonds*, 1 Young & Collyer, 481. As was stated in *United Zinc Co.* v. *Harwood*, 216 Mass. 474, at page 479, "A mere right, however, to litigate for a fraud perpetrated upon . . . [an individual] and nothing more . . . [is] not assignable at law or in equity." *Lee* v. *Fisk*, 222 Mass. 418. *Brocklehurst & Potter Co.* v. *Marsch*, 225 Mass. 3, 11. It would be contrary to the fundamental principles of equity to allow Meagher, the intervenor, whose only interest in the personal wrong done to Mrs. Mulready arises from his agreement with her, to prosecute a suit which she does not believe has merit and which she cannot in conscience prosecute. Equity will not require a litigant to prosecute a suit which she believes to be false, groundless and unlawful. The plaintiff cannot be allowed to intervene in this suit. We do not find it necessary to consider the further objections urged against his right to intervene. The decrees in Mulready *v.* Pheeny, (No. 1921) are affirmed.

In No. 1948 Meagher prays for specific performance of the agreement with Mrs. Mulready, that she be ordered to prosecute her suit in equity against Pheeny and Moran. What we have already said disposes of this case. Meagher has no

enforceable right under his agreement to compel Mrs. Mulready to prosecute the suit.   At most he must rely upon an assignment from Mrs. Mulready to litigate for an alleged fraud on her.   Such an agreement will not be enforced.

In each case the entry must be

*Decrees affirmed with costs.*