### Adrian L. Morris *vs.* Alexander Bellfleur.

### Aroostook.    Opinion April 17, 1926.

*A verdict for defendant cannot be set aside on a general motion in an action on a note secured by a mortgage where under foreclosure proceedings the equity of redemption had expired before issue was joined, the value of the property being in excess of the amount due on the note.*

In the instant case the title to the property having become absolute in the mortgagee, the plaintiff, by completion of the foreclosure before issue joined, upon proof that the property was at least equal in value to the amount due upon the note in suit, the note must be deemed paid or discharged.    It had performed its office and ceased to have a legal existence.    It was no longer a valid contract. This defense should have been raised by a plea to the further maintenance of the suit; but a verdict rendered on a plea of the general issue, with a brief statement setting up this payment or discharge, cannot be set aside upon a general motion.

On motion for a new trial by plaintiff.    An action on the second promissory note of a series of notes dated at the same time but maturing at different times of which defendant was a joint and several maker, which notes were secured by a mortgage on real estate given by the co-maker of the notes, and after the action was brought the plaintiff as mortgagee instituted foreclosure proceedings under which the equity of redemption expired before the issue was joined in the action, the value of the real estate the title to which had become absolute in the plaintiff under the foreclosure proceedings was in excess of the amount due on the note in suit.    A verdict was rendered for the defendant and the plaintiff filed a general motion for a new trial.    Motion overruled.

The case fully appears in the opinion.

*W. P. Hamilton,* for plaintiff.

*Powers & Mathews,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, MORRILL, STURGIS, BASSETT, JJ.

STURGIS, J. On June 21, 1922, the plaintiff sold a farm known as the "Chase farm," in Limestone, to Edmund Bellfleur, a son of the defendant, for fifteen thousand dollars. The purchase price was paid by a series of notes secured by a mortgage on the farm for the full amount, and the first three notes to mature were signed by the defendant as a joint and several maker. This suit is against him to recover the amount of the second note of the series.

This second note was due March 21, 1924; and not being paid at maturity,—on April 10, 1924, this suit was brought against the defendant. On May 1, 1924, the plaintiff entered the premises and began foreclosure. The writ was entered at the following September term, and the case was continued on the docket. On the 6th day of the September term, 1925, the case was submitted to a jury and a verdict rendered for the defendant; and the case is before this court on a general motion.

By stipulation of the parties, it appears that foreclosure was completed on May 1, 1925, after the commencement of this suit, but before issue was joined. At the trial, evidence was admitted without objection which clearly shows that the value of the farm, at the time foreclosure was completed, was substantially in excess of the amount of the notes secured by the mortgage then due and unpaid.

Upon these facts, the verdict was proper. At the time of the trial, title had become absolute in the mortgagee; and the property mortgaged, being of a value at least equal to the amount due on the note in suit, constituted a payment or discharge of it. *Railway* v. *Pierce*, 88 Maine, 86, 94; *Hurd* v. *Coleman*, 42 Maine, 182, 191; *Haynes* v. *Wellington*, 25 Maine, 458. The note thereby became *functus officio*, and was no longer a valid contract. It had performed its office and ceased to have a legal existence. *Ballard* v. *Greenbush*, 24 Maine, 336; *Quimby* v. *Varnum*, 190 Mass., 211.

While this defense should have been raised by a plea to the further maintenance of the suit, *Rowell* v. *Hayden*, 40 Maine, 582, a verdict rendered upon a plea of general issue, with a brief statement of such payment or discharge, cannot be set aside upon this motion. *Cobbett* v. *Grey*, 4 Exch. Rep., 729.

*Motion overruled.*