AMERICAN WOOLEN COMPANY *vs.* OLD COLONY TRUST COMPANY & another, executors.

Suffolk.     March 15, 1928.— April 4, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Assignment. Subrogation. Fraud. Actionable Tort. Corporation,* Officers and agents, Stockholder. *Equity Pleading and Practice,* Parties, Appeal, Amendment. *Conflict of Laws.*

A claim for damages for fraud is not assignable either expressly or by implication, at law or in equity.   Following *United Zinc Co.* v. *Harwood,* 216 Mass. 474.

A bill in equity filed in the Supreme Judicial Court under G. L. c. 197, § 10, by a Massachusetts corporation against the executors of the will of an individual alleged that the plaintiff, as the successor of a New Jersey corporation, acquired all the assets of its predecessor, assumed all its liabilities, which it subsequently discharged, and acquired substantially all of its outstanding capital stock; that the individual, before the incorporation of the plaintiff and while he was a director and in general supervision of the New Jersey corporation, wrongfully secured a conveyance to himself in violation of his fiduciary duty to the corporation; and that all his acts caused the corporation loss which the plaintiff sought to recover.   The defendants in substance demurred, and the bill was dismissed.   *Held,* that the bill properly was dismissed.

The plaintiff and the New Jersey corporation each filed a motion that that corporation be joined in the suit above described as a party plaintiff. The motions were denied.   *Held,* that

(1) Whether the motions should have been allowed rested in the discretion of the single justice;

(2) There was nothing to show that such discretion was not rightly exercised.

The plaintiff in the suit above described presented a motion to the full court alleging that the New Jersey corporation had been dissolved; that under the laws of New Jersey a stockholder of such a corporation may, in his own right and for the benefit of all other stockholders, maintain a suit against a former director or his personal representative for breach of trust and fiduciary duty, without making the corporation or its trustees (the former directors) parties thereto; that the trustees of the New Jersey corporation were residents of this Commonwealth, except one who was a resident of New Jersey and not subject to the judicial process of this Commonwealth; that the plaintiff was the holder of substantially all the outstanding stock of the former corporation; and that the plaintiff brought this suit for its own benefit and that of the other stockholders.   At the argument it was stated that suit already

had been brought by the New Jersey corporation against the defendants to recover upon the grounds set forth in the present bill.  *Held*, that

(1) By reason of the allegations of the original bill, the present motion to amend was unnecessary;

(2) The allegations in the amendment as to the law of New Jersey were immaterial; the question whether the courts of this Commonwealth will entertain such a bill without joining the corporation is governed by the laws of this Commonwealth;

(3) Nothing appeared to show why a stockholder instead of the corporation should bring the suit; nor anything to show that the rights of the New Jersey corporation and its stockholders could be litigated only in the present proceeding;

(4) No reason appeared requiring the exercise of the power of amendment conferred upon the full court;

(5) The motion was denied.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 18, 1928, and afterwards amended, as described in the opinion.

The defendants filed an answer containing in substance a demurrer to the bill as the "first defence."  Thereupon the plaintiff and the American Woolen Company, a New Jersey corporation, each filed a motion that the New Jersey corporation be joined as a party plaintiff.  The motions were denied by *Wait*, J., who, after hearing the case on the bill and the "first defence" in the defendants' answer, ordered the entry of a final decree · dismissing the bill.  From the interlocutory decrees denying the motions above described and from the final decree, the plaintiff appealed.

The plaintiff afterwards presented to the full court a motion, described in the opinion, to amend the bill.

*C. B. Cross*, ( *E. O. Proctor* with him,) for the plaintiff.

*E. F. McClennen*, (*R. Wait* with him,) for the defendants.

CROSBY, J.  This is a bill in equity under G. L. c. 197, § 10, to recover against the defendants, in their capacity as executors under the will of William M. Wood.

The bill alleges that the American Woolen Company, the plaintiff's predecessor, was chartered in 1899 under the laws of the State of New Jersey; that it acquired a number of textile mills located in different eastern States; that its shareholders desired to operate under a Massachusetts charter and in 1916 the plaintiff was organized under the laws of this

Commonwealth; that all the assets of the New Jersey corporation, including its choses in action, were transferred to the plaintiff which thereupon issued common and preferred shares in amounts equal to those of the New Jersey company then outstanding; that the shares were immediately exchanged with the shareholders of the original company in return for the surrender of the shares held by them; that the plaintiff assumed the debts of the original company and has since discharged them; that the testator was active in effecting the organization of the New Jersey company, and was treasurer of that company, and held that office until 1906 when he was elected president thereof; that he held that office until the company was succeeded by the plaintiff corporation in 1916; that during that entire period he was a director of the company, chairman of the executive committee of the board of directors, and had general supervision over the management, property and affairs of the corporation. It is further alleged that about November, 1901, the testator directed one Whitney, an employee of the plaintiff then acting as the agent of certain mills owned by the New Jersey company, to investigate the availability of another mill to be used in connection with its business; that Whitney, acting on behalf of the company, in 1901 secured an option on a mill in Winooski, Vermont, for the sum of $75,000, which was less than its actual value, and far less than its value to the plaintiff; that the option was taken by Whitney in his own name for $1,000, Whitney knowing that he held the same as trustee for the plaintiff; that he reported the foregoing facts to the testator who, upon examination of the property, informed him that the American Woolen Company would acquire the plant; that thereafter Whitney transferred the option as he supposed to the plaintiff; that the testator, having wrongfully obtained the option, took a conveyance of the property to himself, paying therefor the sum of $71,250; that such conveyance was taken by the testator with the purpose and intent of leasing or selling the property to the plaintiff at a large profit to himself; that the transaction was carried out secretly and without the knowledge of the

company and in violation of the testator's duty of fidelity and trust to the company; that immediately thereafter he caused to be sold certain machinery and equipment of the property so purchased, and received therefor sums aggregating more than $250,000. The declaration alleges further acts and transactions subsequently carried out by the testator in fraud of the company, in violation of the fiduciary duty which he owed to it. All of these acts, it is alleged, caused a loss to the plaintiff of about $1,800,000; this sum with interest the plaintiff seeks to recover. Suit was not brought within the statutory period because, it is alleged, the plaintiff did not learn of the alleged fraud until that period had elapsed.

The defendants filed an answer which, in substance, contains a demurrer to the bill. The fraud set forth was not committed upon the plaintiff corporation, but is alleged to have been perpetrated upon the New Jersey corporation several years before the present American Woolen Company was chartered. The claim for damages for fraud was not assignable and vested no rights in the plaintiff which the New Jersey corporation might have against the defendants. A mere right to litigate a fraud perpetrated upon a person or corporation is not assignable either in law or equity. To permit an assignee to litigate a fraud practised upon his assignor would be contrary to public policy. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 479. *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 11. *Mulready* v. *Pheeny,* 252 Mass. 379, 382. *Titcomb* v. *Bay State Grocery Co.* 254 Mass. 599, 601.

The case at bar cannot be distinguished in principle from *United Zinc Co.* v. *Harwood, supra.* The contention of the plaintiff, that, as it is the owner and holder of all the stock of the New Jersey corporation and has assumed and discharged all debts of that corporation, it is subrogated to the rights of that corporation in the claim, cannot be sustained. These facts do not lead to a different result from that reached in the case above referred to. If the corporation has no power in law or equity to assign a claim for fraud by express

agreement it cannot do so by implication of law — that is, by subrogation. The recital in *United Zinc Co.* v. *Harwood, supra,* at page 478, that the plaintiff "has not paid any debt, or discharged any incumbrances which should have been paid or discharged by the company," does not warrant an implication that if the debts of the company had been paid the doctrine of subrogation would have been applicable.

The plaintiff and the original corporation each filed a motion that the latter be permitted to intervene as party plaintiff. The motions were denied by a single justice of this court and decrees were entered accordingly. As the original corporation is not a party to the suit, it had no right of appeal. Whatever right it may have to maintain a suit for redress of an alleged fraud can be brought in its own name and behalf. If the amendments had been allowed, the result would be, not the substitution of the original corporation for the present plaintiff, but the joining of the original corporation with the plaintiff which, for reasons already stated, has no standing to maintain the bill. Whether the motions to amend should have been allowed rested in the discretion of the single justice. There is nothing to show that such discretion was not rightly exercised and, as the plaintiff cannot maintain the bill for the reasons stated, it was properly dismissed.

The plaintiff afterwards presented to the full court a motion to amend the bill which recited, in substance, that the American Woolen Company of New Jersey was dissolved in 1916, under the laws of that State; that under those laws the existence of the corporation continues for the purpose of prosecuting and defending suits against it, and of enabling it to settle and close its affairs, dispose of its property, and divide its capital, but not for the purpose of continuing its business; that upon said dissolution the directors of the corporation and the survivors thereof are constituted trustees with power to settle its affairs. The motion further recites that, under the laws of New Jersey as interpreted by the courts of the United States, a stockholder of a dissolved corporation may, in his own right, maintain a suit against a former director, or his personal representatives in case of

his decease, for breach of trust and fiduciary duty, bringing said action in his own name for the benefit of himself and all other stockholders without making the corporation or the trustees parties thereto.   The motion further recited that all debts of the American Woolen Company have been paid; that the surviving trustees of the property of the corporation are certain persons named, all of whom but one are residents of this Commonwealth, and that one of them is a resident of New Jersey who cannot be reached by judicial processes issued by our courts; that the plaintiff is the owner of all, or substantially all, of the outstanding stock of the American Woolen Company (of New Jersey) and brings this suit for its own benefit, and that of all other stockholders if any such there be.

The bill as previously amended alleges that after the organization of the plaintiff it has been and now is the owner of substantially all the outstanding stock of the American Woolen Company (of New Jersey); that as a part of the consideration for the transfer the plaintiff assumed all the debts of the New Jersey corporation and has since discharged them; and that the plaintiff has been by reason of the facts stated subrogated to all the rights of the New Jersey company against the defendants' testate concerning the matters set forth in the bill as thus amended.   The present motion to amend in this particular is therefore unnecessary.   The allegations as to the law of New Jersey which recite that a stockholder may maintain the bill are immaterial, as the question whether our courts will entertain such a bill without joining the corporation is governed by the laws of this Commonwealth.   The amendment does not purport to join the New Jersey corporation or its trustees as parties or recite any reason why a stockholder instead of the corporation should bring the suit; on the allegations of the bill it was the New Jersey corporation alone that was defrauded.   There is nothing to indicate that the rights of the New Jersey corporation and its stockholders can be litigated only in the present proceeding.   In all the circumstances there appears no reason requiring the exercise of the power of amendment conferred upon the full court.   It was stated at the argument

.that a suit had already been brought by that corporation against the defendants in which recovery was sought upon the grounds set forth in the bill in the present case.

Let the entries be

*Motion to amend bill presented to the full court denied.*

*Interlocutory decrees and final decree affirmed.*