PATRICK O. LENNON *vs.* MAX WALDO COHEN.

Suffolk.   January 12, 1928. — September 20, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Judgment. Practice, Civil,* Action against defendants jointly liable; Plea in abatement; Auditor: findings of fact; Requests and rulings; Findings by judge; Exceptions. *Evidence,* Judicial notice, Foreign law, Presumptions and burden of proof. *Constitutional Law,* Equal protection of law, Full faith and credit, Due process of law. *Supreme Judicial Court. Limitations, Statute of. Pleading, Civil,* Answer. *Conflict of Laws. Bills and Notes,* Indorser.

A promissory note made by a New York corporation payable to its own order was indorsed by it, by C and by S, and was discounted by a bank, all within the State of New York. The note not having been paid at maturity, an action was brought on it in New York in the name of L for the benefit of the bank against the corporation and C, in which judgment was obtained against both defendants jointly. Thereafter

an action was brought by L in this Commonwealth upon the New York judgment against C, as the only defendant within this Commonwealth, neither S nor the corporation being made parties. The defendant filed an answer in set-off, alleging that S was the real plaintiff in interest and making claim for breach of an alleged agreement between him and S in the formation of the corporation. The action was referred to an auditor, who found that it was not brought by S, or for his use or benefit; and refused to find that collusion existed between the plaintiff and S to compel the defendant to pay the entire amount of the note. The trial judge, hearing the case without a jury, found for the plaintiff. *Held,* that

(1) Whatever interest S had as a coindorser of the note did not affect the right of the plaintiff to recover against the defendant;

(2) Requests by the defendant for rulings, that S had a beneficial interest in the action; that such collusion existed; and that the action should be dismissed because "the real party in interest, . . . [the bank] now having possession of the said note and not having surrendered the same, the said note is an outstanding liability which is being enforced against . . . [S], the whole thereby resulting in a fraudulent conspiracy between . . . [the plaintiff and the bank] to defraud the defendant . . . providing this judgment is now enforced," properly were refused;

(3) Under G. L. c. 227, § 15, the action could be maintained against the defendant alone;

(4) No right of the defendant under the Fourteenth Amendment to the Constitution of the United States was affected by the present action;

(5) Since the trial judge properly might have found that S was not beneficially interested in the present action, no demand of the defendant against S could be set off against the plaintiff, and the answer in set-off could not be considered.

St. 1926, c. 168, requiring the courts to "take judicial notice of the law of the United States or of any State, territory or dependency thereof or of a foreign country . . . ," does not require this court to take judicial notice of a question of foreign law not touching the jurisdiction of the court, raised for the first time at the argument in this court.

That statute has not changed the established practice regarding the alleging of exceptions under G. L. c. 231, § 113, nor has it changed the evidentiary or legal nature of a law of a foreign jurisdiction: there can be no review by this court of such a law unless a ruling thereon is made by the trial court which is brought to this court by exception or some other recognized method; and where no question was raised by the defendant at the trial of the action above described as to the effect of a New York statute entitled "Limitation of Action upon Judgment," such question could not be raised in this court in support of an argument that the trial judge erroneously refused a ruling that "upon all the evidence the plaintiff is not entitled to recover in this action."

A statute of limitations, whether it limits the time before, or the time after, the occurrence of a specified event, within which an action can be maintained, must be pleaded expressly by a defendant in his answer: if it is not so pleaded, it is deemed to be waived by him and not open to him in defence; and, a New York statute of that nature not having been

pleaded by the defendant in the action above described, and nothing appearing concerning it in the record thereof, the defendant was not entitled in this court to rely upon it under the full faith and credit clause, art. 4, § 1, of the Constitution of the United States.

Subsequent to the entry of the New York judgment, and previous to the commencement of the action above described, S paid a substantial sum of money on the note to the bank, which was then the holder and owner of it. The defendant testified before the auditor that he was induced to indorse the note by S, who said that he would pay it and that the defendant would not have to pay anything on it. No findings were made by the trial judge as to the rights and relations of the defendant and S between themselves. The judge ruled that under the law of New York payment of a note, in whole or in part, by a subsequent indorser does not discharge the liability of a prior indorser. The finding by the judge for the plaintiff was for the entire amount claimed to be due on the New York judgment without the deduction sought by the defendant of the sum paid by S. *Held,* that

(1) The full faith and credit clause, art. 4, § 1, of the Constitution of the United States, did not prevent the deduction of such payment by S;

(2) The rights and relations of the defendant and S as between themselves must be determined by the law of New York, under which indorsers were *prima facie* liable in the order in which they indorsed, whether or not they were accommodation indorsers;

(3) The judge properly might disregard the defendant's testimony concerning the rights and relations of the defendant and S, and find that the order of their indorsements fixed their liability; and in such circumstances, under the law of New York, the defendant could not claim in the present action the benefit of payments made by S;

(4) The burden was on the defendant to establish his right to the deduction claimed; and the judge was not required as a matter of law to rule that he had sustained that burden;

(5) The finding by the judge for the plaintiff imported a finding of all facts, permissible in any view of the evidence, necessary to support a conclusion adverse to the defendant's contention: a finding for the defendant was not required;

(6) The finding by the judge could not be said to be wrong as a matter of law; and no error appeared.


CONTRACT. Writ dated August 12, 1924.

The action was referred to an auditor and thereafter was heard in the Superior Court by *Bishop,* J., without a jury. The pleadings, material evidence, rulings given, and rulings requested by the defendant and refused by the judge, are described in the opinion. The defendant in his answer in set-off alleged that Sherman was the real plaintiff in interest, and made claim for breach of an agreement between him and Sherman in the formation of The Leather & Textile Products

Company of New York. The defendant testified before the auditor that he was induced by Sherman to indorse the note referred to in the opinion on Sherman's statement that it was "only a matter of form, you'll not have to pay anything on it. I'll take care of it."

The judge found for the plaintiff in the sum of $11,048, and the defendant alleged exceptions.

*P. H. Kelley*, for the defendant.

*W. J. Barry*, for the plaintiff.

RUGG, C.J.    This is an action of contract on a judgment obtained by the plaintiff in the Supreme Court of the State of New York against the defendant Cohen and The Leather & Textile Products Company of New York as joint debtors. The Leather & Textile Products Company, hereafter called the corporation, is not made a party defendant in the present action, which is brought against Cohen as the sole defendant within this jurisdiction. The plaintiff's declaration is framed on the New York judgment and sets out a copy of it. The defendant's answer pleads (1) merger of the judgment in an execution and payment thereof, (2) levy by the plaintiff of the execution on a large amount of property and a large amount of property under attachment on which the plaintiff intends to levy, and (3) nonjoinder of the corporation as joint defendant. The defendant also filed a long answer in set-off, all of which depends upon the basic averment that one Sherman is the real plaintiff in interest. The case was referred to an auditor, who made a comprehensive report. It then came on to be heard before the court without a jury. The plaintiff introduced the auditor's report and rested. The defendant testified in his own behalf as to his relations to the corporation and to Sherman. Undisputed facts seem to be that the New York judgment was founded on a note made by the corporation to its own order, indorsed by it, by the defendant and Sherman, and discounted by the Columbia Bank and the proceeds used by the maker, all within the State of New York. The maker of the note was a corporation organized under the laws of New York and having no place of business in this Commonwealth. The note, being unpaid after maturity, was turned over by the

Columbia Bank to an attorney for the purpose of bringing action on it, which was commenced in the name of the present plaintiff in the New York court. At the trial the defendant was in attendance and verdict was rendered for the plaintiff. The present action is founded on the judgment entered pursuant to that verdict. The Manufacturers' Trust Company of New York, as found by the auditor, is "the successor of the said Columbia Bank, is the beneficiary of the judgment obtained by the plaintiff for said bank and the proceeds of the note on which judgment was obtained." Since the entry of that judgment, there has been paid to the said Manufacturers' Trust Company, the present owner and holder of the note, by Sherman, coindorser thereon with the defendant, a substantial sum of money. All the assets of the corporation were taken by the sheriff and the amount realized at his sale was credited on the judgment. "The corporation is still in existence in New York, never having been dissolved or gone out of operation, except the assets were seized which paralyzed them for want of capital. The corporation had to stop, and it did stop."

The judge found for the plaintiff for the entire amount claimed now to be due on the judgment, and declined to deduct from the amount otherwise due the amount paid by Sherman on the note since the judgment. The defendant presented five requests for rulings, all of which were denied. The second and fifth in substance asked for a ruling that on the undisputed facts Sherman had a beneficial interest in the New York judgment and in this suit. The findings of the auditor were that this action is not brought by Sherman, nor for his use or benefit, but is brought by the plaintiff for the use and benefit of the Columbia Bank, which has been merged with the Manufacturers' Trust Company; and that Sherman has no beneficial interest in the present action in any sense except that he was a coindorser with the defendant on the note on which that judgment was founded. It is manifest that such interest on the part of Sherman does not affect the right of the plaintiff to recover against the defendant. It requires no analysis of the evidence to demonstrate that the judge was not required to grant these requests.

The fourth request was to the effect that the indisputable consequence of all the evidence was that collusion existed between the owner of the note and Sherman to compel the defendant to pay the entire amount of the note. The auditor expressly refused to make findings of this nature. Clearly the judge was not obliged to accept this view of the defendant and committed no error of law in denying this request.

Another request, after reciting facts as to the action in the New York court having been brought on the note by the plaintiff for the benefit of the Manufacturers' Trust Company and the substantial payment to that trust company by Sherman on account of the note, and that no mention was made to the court of this Commonwealth by the plaintiff of such payment, proceeds in these words: "From the foregoing facts, which cannot be disputed, the defendant requests the court to rule that complete justice cannot be done in this suit in view of the facts above set forth, and that the court should decline to exercise any jurisdiction and should dismiss the plaintiff's action, because the real party in interest, the Manufacturers' Trust Company, now having possession of the said note and not having surrendered the same, the said note is an outstanding liability which is being enforced against the said Sherman, the whole thereby resulting in a fraudulent conspiracy between Lennon and the Manufacturers' Trust Company to defraud the defendant, Cohen, providing this judgment is now enforced." There are no facts set forth in the record which require that ruling.

The defendant argues that no decision can be rendered against the defendant because the action is on a judgment running against the defendant and the corporation jointly. That contention cannot be supported. This point was raised by plea in abatement, which was denied after hearing. The way to bring the correctness of that ruling before us was by exception. *Potter* v. *Lapointe Machine Tool Co.* 201 Mass. 557, 559. *Wright* v. *Graustein,* 229 Mass. 68. No exception was saved to that order. Hence no question on that point is before us unless it affects the integrity of the final judgment to be entered. The express terms of G. L. c. 227, § 15, permit the prosecution of the action against the

defendant on whom service is made when legal service cannot be made on the one or more jointly liable with the defendant because of absence from the Commonwealth. *Shirley* v. *Shattuck*, 13 Met. 256, 260. *Odom* v. *Denny*, 16 Gray, 114, 115. *Stone* v. *Wainwright*, 147 Mass. 201, 203. There is nothing in *Frost* v. *Thompson*, 219 Mass. 360, *Contakis* v. *Flavio*, 221 Mass. 259, or *Shields* v. *Barrow*, 17 How. 130, at variance with this conclusion.

The remaining request was that upon all the evidence the plaintiff was not entitled to recover. In this connection the defendant relies upon the New York Code of Civil Procedure, § 1913, which appears also as § 484 of the civil practice act of New York in effect October 1, 1921, the latter being entitled "Limitation of Action upon Judgment." It provides, so far as here material, "Except in a case where it is otherwise specifically prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the state, cannot be maintained between the original parties to the judgment, unless, either 1. Ten years have elapsed since the docketing of such judgment, or, 2. It was rendered against the defendant by default for want of an appearance or pleading and the summons was served upon him otherwise than personally; or 3. The court in which the action is brought has previously made an order granting leave to bring it. Notice of the application for such an order must be given to the adverse party . . . ."

It does not appear that the defendant raised any question in the court below concerning this New York statute. He urges it in argument before us in support of his request for ruling made to the trial judge that "upon all the evidence the plaintiff is not entitled to recover in this action." He asks us to take judicial notice of this New York statute, although there is no reference to it in the record, because of St. 1926, c. 168, which enacts that "The Courts shall take judicial notice of the law of the United States or of any State, territory or dependency thereof or of a foreign country whenever the same shall be material." We do not undertake now to delimit the scope of said c. 168 or to determine how it shall be made to appear that such foreign law is material. See

*Atlantic Transportation Co. Inc.* v. *Alexander Shipping Co. Inc.* 261 Mass. 1. An important question of foreign law, even under said c. 168, cannot be raised as of right at the argument in this court for the first time: and this court cannot thus be required to make a decision about it by taking judicial notice of it. The established procedure is that "Exceptions may be alleged by any party aggrieved by an opinion, ruling, direction or judgment . . . of the Superior Court . . . rendered upon any matter of law in any civil cause." G. L. c. 231, § 113. That law of procedure and practice remains as hitherto. It has not been changed by said c. 168. It had been held respecting foreign law before the enactment of said c. 168, "If the law is found in a single statute or in a single decision, the construction of it, like that of any other writing, is a question of law for the court. As was said in *Wylie* v. *Cotter,* 170 Mass. 356, 357: 'The law of another State is a fact to be proved, like any other fact, by evidence. Where the evidence is a single statute or a decision of a court, the language of which is not in dispute, the interpretation of it presents a question of law for the court; but where the law is to be determined by considering numerous decisions which may be more or less conflicting, or which bear upon the subject only collaterally, or by way of analogy, and where inferences may be drawn from them, the question to be determined is one of fact, and not of law.'" *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386, 390. Said c. 168 does not purport to make any change in the nature of the law of a foreign jurisdiction as to its evidentiary or legal substance. That is left the same as it was before. If the foreign law be regarded as matter of fact in any particular case, it cannot be brought before this court commonly unless the trial judge has made some finding concerning it. This can hardly be done unless the subject comes to his attention. If it be regarded as a matter of law, no ruling can be made about it unless the subject is brought to his notice. In any event, there can be no review by this court unless a ruling of law is made by the trial court, to which exception is taken, or unless by some other recognized method enough is put upon the record so that the foreign law rightly can be con-

sidered by this court. Nothing touching the matter appears on the present record.

This contention of the defendant cannot be supported also for a different reason. It is apparent that this New York law is a statute of limitations. It is so entitled in the civil practice act. That is its substance. A statute of limitations must be pleaded. If not set up in the answer, it is deemed to be waived and is not open to the defendant. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418, 419, and cases there collected. *Castaline* v. *Swardlick, post,* 481, decided this day, and cases there collected. *Burnet* v. *Desmornes,* 226 U. S. 145. The words of Mr. Justice Holmes in *Sawyer* v. *Boston,* 144 Mass. 470, at 472, are pertinent: "the mere fact that the time of bringing suit goes in some sense to the jurisdiction of the court does not necessarily take the case out of the general rules of pleading."

It is an immaterial circumstance that this New York statute limits the time before, rather than the time after, the occurrence of a specified event, within which the action can be maintained. The governing principle is the same whether the period of limitation is antecedent or subsequent to a stated time. However the contention of the defendant on this point may be regarded, the substance of the matter falls within the class which must be specially pleaded. See *O'Brien* v. *Shea,* 208 Mass. 528, 534–536; *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 595, 596; *North Western Salt Co. Ltd.* v. *Electrolytic Alkali Co. Ltd.* [1914] A. C. 461, 469, 476.

The principle, that, if the trial judge does not ask requesting counsel to state the propositions of law on which he relies, it is possible to raise in this court any question of law actually involved even though not referred to or thought of by judge or counsel, *Proctor* v. *Dillon,* 235 Mass. 538, 540, has no application to the case at bar.

The principles by which the courts of this Commonwealth must be governed in determining the force and weight to be given to judgments of the courts of other States of the union, when proceedings are brought to enforce them in this jurisdiction, under the full faith and credit clause of the Constitution of the United States, art. 4, § 1, have been stated with

ample citation of supporting authorities in *Roche* v. *McDonald*, 275 U. S. 449, 451, in these words: "It is settled by repeated decisions of this Court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State." That principle is not available to exonerate the defendant for this reason: The section of the New York Civil Code now relied upon is not pleaded in the answer of the defendant. It is not set out in terms, by reference, or by implication, in the plaintiff's declaration. There is nothing to indicate that it was brought to the attention of the trial judge or considered by him. No allusion to it is disclosed anywhere in the record. It follows that the point concerning the New York statute is not open to the defendant.

An elaborate argument has been presented in support of the contention that the effect of a judgment against the present defendant in the case at bar would be to release the corporation from liability in New York on the New York judgment and hence that it would be highly inequitable to permit recovery in this action. He has cited numerous cases decided by the courts of New York in support of that view. We have examined them all, but no one of them seems to us to support the contention. However that may be, no reason is perceived why the present action should not be prosecuted in the courts of this Commonwealth, in conformity to its statute, against the defendant, who alone of those jointly liable is subject to process here.

We are unable to see any right secured to the defendant under the Fourteenth Amendment to the Constitution of the United States affected in any degree by the present action. The decision in *New York Life Ins. Co.* v. *Dodge*, 246 U. S. 357, seems to us to afford no countenance to the argument of the defendant in this particular. He has been ad-

judged liable for the amount of the judgment by a court of a sister State of competent jurisdiction after a full trial, at which he was present. The holder of that debt is simply being permitted to enforce it in our courts.

The auditor found that, since Sherman was not beneficially interested in the present action, no demand of the defendant against Sherman could be set off against the plaintiff. Manifestly the trial judge might rely upon that finding. The answer in set-off need not be further considered.

The trial before the auditor and in the Superior Court and the argument at the bar of this court seemingly proceeded on the theory that the question was open whether the payment by Sherman, on account of the note to the bank in whose behalf the plaintiff is acting, subsequent to the rendition of the judgment here in suit, ought to be deducted from the amount for which the defendant would be liable but for such payment. There is doubt whether this matter is properly pleaded by the defendant in his answer; but, if necessary, amendment in this respect might be allowed even now in the circumstances here disclosed. *Pizer* v. *Hunt*, 253 Mass. 321, 331, 332. There was no request for ruling on this point, but it possibly may be covered by the exception to the "findings and rulings" of the judge filed after the case had been taken under advisement. We treat the case, as have the parties, on the footing that the question is open. It is assumed, also, that the liability of the defendant on the judgment may be affected by payments on the note on which the judgment was founded, notwithstanding the merger of the cause of action on the note against the defendant in the judgment here in suit.

The allowance of payments made subsequently to the entry of the New York judgment is not foreclosed by the full faith and credit clause of the Federal Constitution. The allowance of such payments was not and could not have been litigated in the action resulting in the New York judgment, because that issue had not then arisen. *Dickinson* v. *Springer*, 246 N. Y. 203. *Hunt* v. *Snyder*, 261 Penn. St. 257; certiorari denied, in *Snyder* v. *Snyder*, 248 U. S. 566. See *Blodgett* v. *Silberman*, 277 U. S. 1, 19.

It is the general rule that the law of the place where a contract is made governs its meaning and interpretation in every jurisdiction. *Carnegie* v. *Morrison,* 2 Met. 381, 401. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304, 306, 307. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 173, 174. *Carmen* v. *Higginson,* 245 Mass. 511, 516. It follows that the rights and relations of Sherman and the defendant as between themselves are to be determined by the law of New York.

There is no express finding in the record as to the relations and rights of Sherman and the defendant as between themselves. There was testimony enough from the defendant on this point, but the general finding for the plaintiff for the full amount due on the judgment, less undisputed credits, bears strong indication that this testimony was not believed. The report of the auditor, although not explicit, is susceptible of an inference that the defendant and Sherman were accommodation indorsers before delivery of the note on which the judgment was rendered, and that, in order of precedence, the indorsement of the defendant appeared to be first. These possible inferences are not decisive. No findings by the judge as to the relations between the two are recited in the record.

The trial judge ruled that under the laws of New York payment of a note, in whole or in part, by a subsequent indorser does not discharge the liability of a prior indorser. Under the law of New York, where the note was made and delivered, indorsers "are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise." Consol. Laws of New York (1909), c. 43, § 118. *Wittemann* v. *Sands,* 238 N. Y. 434, 441. The law of this Commonwealth is the same. G. L. c. 107, § 91. *Davis* v. *Elwell,* 244 Mass. 256, 258. Of course the trial judge was not required to believe the testimony of the defendant as to the agreement between himself and Sherman, and might find that the order of the indorsements fixed the order of liability. In these circumstances the law of New York appears to be that the defendant cannot claim, in an action by or in behalf of the plaintiff as holder,

the benefit of payments made by Sherman. Payments made by Sherman would be treated as made in his own behalf and not in reduction of the note. *Madison Square Bank* v. *Pierce,* 137 N. Y. 444. *Twelfth Ward Bank* v. *Brooks,* 63 App. Div. (N. Y.) 220. *Assets Realization Co.* v. *Mercantile National Bank,* 167 App. Div. (N. Y.) 757. *Rogers* v. *Atlantic, Gulf & Pacific Co.* 213 N. Y. 246, at page 259. Consol. Laws of New York (1909), c. 43, § 202. If the defendant and Sherman are deemed to be accommodation indorsers, the result would be the same under the New York decisions. *Kelly* v. *Burroughs,* 102 N. Y. 93.

If the effect of the payments made by Sherman is to be determined by the law of this Commonwealth, it cannot be said that there is reversible error of law. No requests for rulings of law were made touching any of the questions that might arise on this theory. It does not appear what findings of fact were made or what rules of law were followed by the trial judge. It may be that the *prima facie* order of liability established by G. L. c. 107, § 91, was found not to be overcome by the evidence. It may be that the inference was drawn that Sherman was connected with the title of the note. Findings and inferences may have been made rendering inapplicable the rule of *Quimby* v. *Varnum,* 190 Mass. 211.

The burden of proof was on the defendant to establish his right to the deduction or credit claimed on the New York judgment. The finding against him on this point by the judge imports a finding of all facts, permissible in any view of the evidence, necessary to support that conclusion. *Adams* v. *Dick,* 226 Mass. 46, 52. It cannot be pronounced wrong as matter of law. The general rule is applicable that commonly it cannot be ruled as matter of law that the one upon whom rests the burden of proof as to facts has sustained that burden. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. The credibility of the defendant as a witness and the inferences to be drawn from the facts stated in the auditor's report were for the trial judge. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 521, 522. The facts stated in the auditor's report did not require a finding for the defendant. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176.

Without further discussion, it seems plain that these exceptions fail to show enough to enable this court to say that harmful error has been done to the defendant by the trial court in this particular. *Posell* v. *Herscovitz,* 237 Mass. 513, 516, 517.

*Exceptions overruled.*