*Municipal Court of the City of Boston*

No. 346832

## PROGRESSIVE PERSONNEL CORPORATION d/b/a THE FLETCHER AGENCY

### v.

## FREDERICK L. PULLMAN

(September 5, 1954)

*Adlow, C. J.* Action of contract to recover

balance due on note. The plaintiff corporation is engaged in the business of securing employment for its clients, and charges for its service ten per cent (10%) of the first year's salary of those clients whom it succeeds in placing. In September of 1951 the defendant in this action applied to the plaintiff for assistance in securing a position as a *senior accountant* and was subsequently notified by the plaintiff that a suitable position had been obtained for him in Worcester, Massachusetts. He entered upon this employment on October 15, 1951.

Being unable to pay the plaintiff for its services, the defendant on October 24, 1951 signed a note in the amount of $468.00 in which the First National Bank of Boston was designated as payee and on which note the defendant's wife and William L. Fletcher signed their names as co-makers. The note provided for monthly payments of $39.00 each. At the time of signing this note the defendant gave to William L. Fletcher, who was President and Treasurer of the plaintiff corporation, a letter authorizing the payee of the note to pay the money over to Fletcher who was to receive it on behalf of the plaintiff company. Fletcher took the note to the bank and the bank accepted it issuing therefore a check to Fletcher personally in the amount of $468.00.

After working for the Worcester company for six weeks the defendant learned that the position secured for him was not that of *senior accountant*, but merely that of *bookkeeper*. Thereupon he resigned. He requested the plaintiff corporation to make an adjustment of the fee and this was refused. At the time he had made two payments on the note, but thereafter he made no more. On being notified of this default by the defendant, William L. Fletcher, co-maker on said note paid to the bank the balance due, and the bank endorsed it to him "without recourse". In turn, Fletcher transferred the note to the plaintiff corporation without receiving any consideration for same. In this action the plaintiff corporation

seeks to recover the balance due on said note. To the refusal of the court to rule that the plaintiff was a holder in due course of said note the plaintiff brings this report.

We concur in the ruling of the court. From the conceded facts the note in question was payable to the First National Bank of Boston as payee and signed by the defendant, his wife, and William L. Fletcher as co-makers. Despite the written authorization to Fletcher that he receive the proceeds of the note from the payee as President of the plaintiff corporation, it is apparent from the report that he received the proceeds personally and kept them. When he subsequently was notified by the bank of the defendant's default and went to the bank and paid the balance due on the note, he was not out of pocket personally. He had merely paid a note the consideration for which he had received himself from the payee.

In this situation the note lost all validity as a negotiable instrument when it was paid and taken up by Fletcher. This note was extinguished by the payment by Fletcher to the bank and he could not put it in circulation again as against a co-maker. *Webster v. Lee,* 5 Mass. 334. *Pray v. Maine,* 7 Cushing 253.

It is immaterial to the issue here that the plaintiff corporation had a claim against the defendant on account of services rendered in securing a position. The issue raised by this report concerns the validity of the note. This note was discharged by the payment of Fletcher who was a co-maker on same. G. L. c. 107, §142 (4) and (5). Had Fletcher signed the note as co-maker for the accomodation of the defendant, and thereafter been obliged to pay the balance due on same, his rights as against the defendant might have been vindicated in a proper action if as between himself and the defendant he had suffered any damage because of the latter's default. But his rights could not be vindicated by an action based on the note itself. This note was discharged

before the plaintiff corporation acquired it. *Quimby v. Varnum,* 190 Mass. 211.

*Report Dismissed.*

Wasserman & Salter, for the plaintiff.

G.A., W.H., & C.S. McLaughlin, for the defendant.