SIMMONS *v.* KLEMME.

5-1060                                      291 S. W. 2d 801

Opinion delivered July 2, 1956.

*Barrett, Wheatley, Smith & Deacon, C. M. Buck* and *Oscar Fendler,* for appellant.

*Marcus Evrard, L. V. Rhine, E. J. Butler, John Watkins, James M. Gardner* and *Taylor & Sudbury,* for appellee.

PER CURIAM: B. S. Simmons filed suit in the Chancery Court, Chickasawba District, of Mississippi County to obtain possession of 30 shares of stock in the Dell Compress Company. The material allegations in his complaint, together with numerous exhibits attached thereto, are to this effect: Mrs. Virginia K. Klemme sold and delivered 30 shares of stock in said compress company to H. Noble Gill for $7,500, which amount was paid by Gill; Mrs. Klemme filed a suit in the said chan-

cery court against Gill, et al. to set aside said sale and to recover possession of her stock; After said suit was filed Mrs. Klemme entered into a contract with him (Simmons) in which she agreed to prosecute her suit to a final determination and, if she was successful in regaining the stock, to sell the stock to him (Simmons) for $15,000; Mrs. Klemme dismissed, with prejudice, her cause of action against Gill and accepted from Gill an additional $7,500 for her stock; Gill, as an officer in the compress company, made false representations to Mrs. Klemme in procuring the sale of her stock to him, and; Gill holds said stock as trustee for Simmons. The prayer was for specific performance by Klemme and to have Gill declared a trustee for Simmons.

The chancellor issued a Temporary Order restraining Gill and others from disposing of the stock pending the final outcome of the litigation. Later Gill filed a motion to dissolve said Temporary Order and to dismiss Simmons' complaint for failure to state a cause of action. The chancellor treated this motion as a demurrer to Simmons' complaint, dissolving the Temporary Order and dismissing the complaint. Upon Simmons executing a $25,000 bond the chancellor issued a Supersedeas Order holding the stock *status quo* pending the final outcome of an appeal to the Supreme Court.

Simmons, not wishing to rely altogether on the Supersedeas issued by the chancellor, applied to some of the judges of this court and secured a Temporary Order superseding the action of the chancellor in dissolving its Temporary Restraining Order and dismissing the complaint. The question therefore presented to this court is whether said Temporary Order shall be dissolved or made permanent.

It is the opinion of this court that the Temporary Supersedeas heretofore issued, as stated above, should be dissolved for the reason that Simmons' complaint does not state facts sufficient to constitute a cause of action. The sale of the stock in question by Mrs. Klemme to Gill had been fully carried out and the stock delivered.

Simmons' contract with Mrs. Klemme gave him the right to purchase the stock from Mrs. Klemme only in event she recovered the stock, through litigation, from Gill. This she did not do. The rule applicable in this kind of a case is well stated in 77 C. J. S. 824, Section 114 — *Actions for Rescission,* in these words: "In an action by the seller to rescind for fraud, a person who has contracted to purchase the property when, and if, it is recovered back from the buyer will not be allowed to intervene." A note to the above citation refers to *Mulready* v. *Pleeny, et al., (Meagher* v. *Mulready)*, 252 Mass. 379, 148 N. E. 132. The facts in the cited case are very similar to the facts in this case, and Mulready occupied the same relative position as Mrs. Klemme and Meagher occupied the same relative position as Simmons. The case involved the right to rescind a sale of stock and Meagher contended that he had a sufficient interest in the suit to enable him to intervene. The court said: "Mrs. Mulready had, at most, only the right to rescind the contract because of fraud practiced on her. The right could not be assigned or transferred. A mere naked right to set aside a contract on the ground of fraud is not assignable. Meagher was not defrauded. To permit him to litigate for a fraud practiced on his assignor would be against public policy. Such a right 'is not a marketable commodity.' "

We have carefully read the authorities cited by the petitioner herein to sustain our Temporary Order, but we find nothing in such citations contrary to the conclusion we have reached.

The Temporary Supersedeas heretofore issued is dissolved, as of this date and is not to be reinstated by the filing of a petition for rehearing herein.